## Decker *v.* Mohawk Mining Co., Appellant.

*Workmen's compensation — Concurrent compensation — Stepchildren—Allowance on account of father and stepfather—Act of June 2, 1915, P. L. 736.*

Stepchildren who receive compensation under the Workmen's Compensation Act because of the death of their natural father, may receive additional and concurrent compensation through the death of their stepfather, who stood in loco parentis to them, and upon whom they were dependent.

Argued September 30, 1919. Appeal, No. 88, Oct. T., 1919, by defendant, from order of C. P. Armstrong Co., March T., 1918, No. 150, dismissing appeal from decision of Workmen's Compensation Board in case of Mary Decker v. Mohawk Mining Company. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board affirming award of referee.

The court dismissed the appeal. Defendant appealed.

*Error assigned* was the order of the court.

*Frank P. Martin,* for appellant.

*H. L. Golden,* for appellee.

OPINION BY MR. JUSTICE KEPHART, January 5, 1920:

In this appeal from the decree of the court below, sustaining an order of the Workmen's Compensation Board, the question presented for our consideration is, may children who are now receiving compensation because of the death of their natural father receive additional and concurrent compensation through the death of their stepfather? The legislature has authority to determine the various classes of persons who are entitled to compensation, as dependents, upon the injury or death of an employee, and the amount to be paid such dependents. When it has so determined, the courts cannot change or amend either the classification or the amount to be paid. In section 307 of the Workmen's Compensation Act, "the terms 'child' and 'children' shall include stepchildren and adopted children, and children to whom [the employee] stood in loco parentis, if members of the decedent's household at the time of his death." The referee finds, that decedent not only stood in loco parentis to these children, who were members of his household at the time of his death, but that they were also dependent upon him. This conclusion would seem to fix their right to compensation through the stepfather. We find nothing in the act that prohibits this dual compensation. Moreover, it would seem to be expressly permitted. Section 204 reads: "That the receipt of benefits from any association, society or fund shall not bar the recovery of damages by action at law, nor the recovery of compensation under article three hereof; and any release executed in consideration of such benefits shall be void."

If it is inequitable for children who are receiving compensation as a result of the death of their natural father to receive additional compensation on the death of their stepfather, but we do not so decide, an appeal should be made to the legislature, not the courts. Conditions may have so changed as to cause the prior

compensation to be wholly inadequate, or the second husband's wages might raise the amount of their compensation, and, if inequality among dependents exists, yet the first paying company surely should not bear the entire burden. The appellant cannot complain, as it is merely complying with its undertaking, directed by the act of assembly.

The decree of the court below is affirmed at the cost of appellant.