Stephen I. Richman, Greenlee, Richman, Derrico & Posa, Appellants, *v.* Workmen's Compensation Appeal Board, U.S. Steel Corporation and Bureau of Employment Security, Appellees.

Argued December 3, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Stephen I. Richman,* with him *Greenlee, Richman, Derrico & Posa,* for appellant.

*James N. Diefenderfer,* for appellee, Workmen's Compensation Appeal Board.

*James D. Strader,* for appellee, U. S. Steel Corporation.

*Donald G. Swartz,* Assistant Attorney General, with him *Herbert W. Hoffman,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee, Bureau of Employment Security.

OPINION BY JUDGE WILKINSON, January 7, 1975:

The facts of this case are essentially undisputed. The appellant is the law partnership of Greenlee, Richman, Derrico & Posa. This firm had been retained by Lloyd E. Myers, claimant, to represent him in a workmen's compensation claim against appellee United States Steel Corporation.

Claimant had been injured on April 2, 1971. Appellee corporation denied that a compensable accident had taken place, but in lieu of workmen's compensation, had paid claimant sickness and accident benefits during the period of his disability. Also during this period, the claimant received unemployment compensation benefits from the other appellee, the Pennsylvania Bureau of Employment Security.

On October 19, 1972, the parties were notified by the referee that claimant had proven a compensable accident did occur and claimant, therefore, was entitled to workmen's compensation benefits from appellee corporation, a self-insurer, in the amount of $3437.15. The referee's order further established that subrogation rights were granted to both appellee corporation and appellee bureau for all payments of social insurance benefits ($2340.00) and unemployment compensation benefits ($900.00) that had been paid to claimant. There was no appeal from any part of this order.

On November 20, 1972, appellee corporation mailed appellant a check for $197.15 as the balance due to claimant after deduction of the two subrogation claims of the appellees. Appellant then, on March 16, 1973, submitted invoices to both appellees for their respective pro-rata share of appellant's charges for legal services and costs advanced in prosecuting claimant's case. Both appellees refused to honor appellant's bill and on April 12, 1973, almost six months after the referee's award, appellant filed a "Petition for Award of Counsel Fees" with the Workmen's Compensation Board, requesting that the Board order payment of appellant's expenses and legal fees properly due from each subrogee.

The Board denied appellant's petition, holding that the request for counsel fees is in the nature of an appeal from the referee's award and under Section 423 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P. S. §§853,854 (Supp.

1974-1975), the appeal was too late, having been filed beyond 20 days of the notice of the referee's award. The Board also held that because the provisions of Section 501 of the Act, 77 P. S. §1021, were not met, "this Board has no authority to direct the parties to make payments to counsel for claimant." The instant appeal followed.

The appellant now argues, based on the equitable principles of subrogation as laid down in *Furia v. Philadelphia*, 180 Pa. Superior Ct. 50, 118 A. 2d 236 (1955), and the intent evidenced in the legislative history of Section 319 of the Act, 77 P. S. §671, that they are entitled to receive attorney fees from the fund they created which benefitted the subrogees. We find it unnecessary to reach this issue for we hold that appellant did not comply with the statutory provisions that would enable him to collect the fees they are claiming, either from the claimant, from the subrogees or as a lien on the fund.

Appellant's right to receive his attorney fees from subrogees of a workmen's compensation award must be controlled by the Workmen's Compensation Act. Section 501 of the Act, 77 P. S. §1021, provides that, *inter alia:*

". . . .

"No claim or agreement for legal services or disbursements in support of any claim for compensation, or in preparing any agreement for compensation . . . shall be an enforceable lien against the amount to be paid as compensation, *or be valid or binding in any other respect, unless the same be approved by the board. . . ."* (Emphasis supplied.)[1]

---

1. Section 442 of the Act, 77 P. S. §998, was added on February 8, 1972, long after the injury on April 2, 1971, but before the referee's determination on October 19, 1972. This Section provides:

"All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, shall be approved by the referee or board as the case may be, pro-

The section goes on to require that such claim or agreement be filed with the department for approval, and then provides for creation of a lien by giving notice to the employer.[2] Appellant, who has the burden of proof, has made no showing that the approval of attorney's fees contemplated in Section 501 was ever granted or even sought.

Surely equity, and perhaps the law, would allow appellant to be paid a reasonable attorney fee in a case such as presented here, absent a controlling statute. However, when, as in this case, there are attorney fees claimed for protection of subrogation interests, such claims must be presented in accordance with Section 501 or Section 442 of the Workmen's Compensation Act for approval by the referee or the Board. Since neither procedure was followed in the instant case, we, therefore, must affirm the Board's decision and deny appellant's petition and appeal.

---

viding the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

"In cases where the efforts of claimants' counsel to produce a result favorable to the claimant but where no immediate award of compensation is made such as in cases of termination or suspension the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum."

Since appellant did not comply with either provision, i.e., approval of the referee or board, whether this Section applies is immaterial.

2. It should be noted that the Board's opinion states appellant failed to comply with the notice provision of this third paragraph of Section 501. At argument, appellant produced a letter he sent to U. S. Steel on November 8, 1972, and strenuously contends that this letter was sufficient notice to comply with this paragraph. In addition to the letter not being on the record, we need not decide if this argument is meritorious, since we hold that appellant failed to comply with the other portions of the section.

Accordingly, we enter the following

ORDER

Now, January 7, 1975, the decision of the Workmen's Compensation Appeal Board is hereby affirmed.

