Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania, General Electric Company and Electric Mutual Liability Insurance Company, Insurance Carrier, *v.* James A. Leuschen, Appellant.

Argued May 8, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Richard H. Scobell,* for appellant.

*Howard N. Plate,* with him *Plate, Doyle and Hutzelman,* and *James N. Diefenderfer,* for appellees.

*David A. Ody,* Assistant Attorney General, for amicus curiae, Commonwealth.

OPINION BY JUDGE MENCER, August 6, 1975:

On October 29, 1973, James A Leuschen (Leuschen) filed a claim petition with the Bureau of Workmen's Compensation, alleging that he became disabled on August 27, 1973, while in the employ of the General Electric Company (employer). On January 3, 1974, a hearing was held on Leuschen's petition before a referee who subsequently awarded benefits for total disability in the amount of $100 per week, beginning August 28, 1973 and continuing into the future, according to the provisions of The Pennsylvania Workmen's Compensation Act (Act).[1] The referee also awarded Leuschen the sum of $1936 for medical expenses and directed the employer to pay Leuschen's attorney legal fees in an amount equal to 20 percent of the sum of Leuschen's medical bills and the

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

weekly benefits awarded from August 28, 1973 to the date of the referee's order.[2]

The employer then appealed the referee's award to the Workmen's Compensation Appeal Board (Board). Before the Board heard the appeal, the employer filed a petition requesting that its appeal act as a supersedeas. This petition was granted by the Board. Thereafter, the Board, on October 17, 1974, filed an opinion and amended the award of benefits by substituting a new order for that of the referee. The Board's order decreased the amount awarded Leuschen's attorney to $500, found that Leuschen returned to work on January 21, 1974, and terminated benefits on that date and subrogated the Metropolitan Life Insurance Company to receive the weekly benefits owing to Leuschen up to an amount of $105.76 per week. Leuschen appealed the Board's order to this Court.[3]

Leuschen first argues that the Board erred in decreasing the amount of attorney's fees. We agree.

Section 440 of the Act[4] reads in pertinent part as follows:

"In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, *a reasonable sum for costs incurred for attorney's fee,*

---

2. The referee's order was dated March 2, 1974. Leuschen concedes that the amount due his attorney under this award is $828.84. This amount apparently represents 20 percent of the sum of the medical bills and weekly benefits as of January 21, 1974, the date on which Leuschen allegedly returned to work.

3. No cross appeal was filed by the employer. Consequently, the issues raised in its brief are not properly before us and will not be decided.

4. *Added* by the Act of February 8, 1972, P.L. 25, §3, 77 P.S. §996 (Supp. 1974-75).

witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: And provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer." (Emphasis added.)

The question of what is a "reasonable sum" under the above provision, while including factual queries, is ultimately a question of law. *Cf. Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 333 A. 2d 819 (1975), in which we reached a similar conclusion in interpreting the clause "reasonable basis for the contest" in the proviso to Section 440. Therefore, it is within the Board's scope of review to reverse the referee's conclusion on this point, and it is likewise within our power to review the Board's conclusion. We find that the Board committed an error of law in concluding that the 20-percent figure awarded by the referee was not a "reasonable sum."

We reach this conclusion following our reading of Section 440 in conjunction with Section 442 of the Act, *added* by the Act of February 8, 1972, P. L. 25, §3, 77 P.S. §998 (Supp. 1974-75). Section 442 reads as follows:

"All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, *shall be approved by the referee or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded.* The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

"In cases where the efforts of claimants' counsel to produce a result favorable to the claimant but where no immediate award of compensation is made such as in cases of termination or suspension the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum." (Emphasis added.)

We find that these two sections, when read together, make it clear that an award of attorney's fees of 20 percent of an award, or less, has been legislatively declared to be reasonable per se.

The Board's decrease of the referee's award of attorney's fees to the sum of $500 was apparently based on the fact that Leuschen had been receiving insurance payments during his disability, under a health and accident insurance plan provided by the employer, which were in excess of the benefits owing to him under the Act.[5] We find that the fact that a claimant is receiving benefits aside from his workmen's compensation[6] has no relevance to the determination of what is a "reasonable" attorney's fee. Such a determination depends on the amount and degree of difficulty of the work performed by the claimant's attorney and, as we stated previously, has already been made by the legislature which established as reasonable a rate not exceeding 20 percent of the amount awarded.

---

5. The Board's opinion states: "Section 440 of said Act directs that the amount of the counsel fee shall be a reasonable sum. In this case claimant [Leuschen] received more in compensation weekly under the insurance policy of defendant than under the compensation policy, $105.76 per week as compared with $100 per week. An award of $500 for counsel fees appears reasonable."

6. The health and accident insurance plan under which Leuschen was receiving benefits was provided by the Metropolitan Life Insurance Company. The workmen's compensation insurance carrier for the employer was the Electric Mutual Liability Insurance Company.

Leuschen's second argument is that the Board erred in amending the finding of the referee and substituting its own finding that "claimant returned to work on January 21, 1974 and apparently without loss of earning power." Again we agree with Leuschen's argument.

The referee found that Leuschen had been totally disabled from August 28, 1973 and awarded compensation from that date into the future. This finding and subsequent award were based on competent evidence in the record and were not subject to reversal by the Board. *See Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). The Board's finding that Leuschen returned to work on January 21, 1974 was based on an averment contained in the employer's petition for a supersedeas, filed after the referee's decision, which was not denied in Leuschen's answer to the petition. We find that this was an insufficient basis for the Board to terminate Leuschen's benefits.

The exclusive method of terminating an award of compensation under the Act, other than by a final receipt or an agreement of the parties, is by the filing of a petition for termination under the second paragraph of Section 413 of the Act, 77 P.S. §772 (Supp. 1974-75).[7] This section reads in pertinent part:

"A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, *upon petition filed by either party with the department,* upon proof that the disability of an injured employe has increased, decreased, recurred,

---

7. Such a petition had been filed by the employer on or about March 26, 1974, at which time the employer had also filed its appeal from the referee's decision to the Board. Assignment of this petition to a referee for hearing was delayed until the Board heard the appeal and apparently was not pursued after the Board rendered its decision terminating compensation.

or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed. . . ." (Emphasis added.)

Since the Board did not have the benefit of a petition to terminate or of a subsequent hearing on the petition, it was without power to terminate compensation as of January 21, 1974.

Leuschen's final argument is that the referee and Board erred in failing to award counsel fees out of the subrogation interest of the health and accident insurance carrier.[8] The basis for Leuschen's argument is the proposition that it would be inequitable to make the claimant bear the burden of an attorney's fee out of a subrogation interest from which he derived no direct benefit.[9]

Unfortunately, we cannot reach this issue because Leuschen's attorney did not comply with the statutory provisions that would enable him to collect the fee he is claiming, either from Leuschen, from the subrogee, or as a lien on the fund. *See Richman v. Workmen's Compensation Appeal Board*, 16 Pa. Commonwealth Ct. 594, 329 A.2d 920 (1975). In that case, attorneys who had represented a workmen's compensation claimant appealed to us from the Board's denial of their claim for fees against the subrogee of the compensation award. We held that

---

8. Although the referee did not order that the insurance carrier be subrogated to the amount it paid to Leuschen prior to the award, the Board did, and the correctness of the Board's action is not questioned by either party. Indeed, Section 319 of the Act, 77 P.S. §671 (Supp. 1974-75), makes it clear that the insurance carrier was entitled to subrogation rights.

9. This argument is not persuasive in a case like the present one in which an award for attorney's fees has been made.

the right to such fees was controlled by Section 501 of the Act, 77 P.S. §1021 (Supp. 1974-75), and Section 442 of the Act, 77 P.S. §998 (Supp. 1974-75), and that such claims must be presented in accordance with these sections for approval by the referee or the Board. In the present case, as in *Richman,* neither procedure was followed. The failure of the referee and the Board to award Leuschen's counsel attorney's fees against the subrogee was therefore entirely proper.

Accordingly, we issue the following

## ORDER

AND NOW, this 6th day of August, 1975, the order of the Workmen's Compensation Appeal Board as to the claim of James A. Leuschen is hereby affirmed as modified. Accordingly, it is ordered that judgment be entered in favor of James A. Leuschen and against the General Electric Company and the Electric Mutual Liability Insurance Company, at the rate of $100 per week, beginning August 28, 1973 and continuing thereafter for an indefinite period, and for the sum of $1,936 for medical expenses and for the sum of $828.84 for attorney's fees, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act. The Metropolitan Life Insurance Company shall be subrogated to receive from James A. Leuschen reimbursement for payments made to the said James A. Leuschen during his disability pursuant to its health and accident insurance plan.