Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania, in the Matter of Dorothy Gilroy *v.* General Machine Products Co. and Pennsylvania Manufacturers' Insurance Company. Charles F. Quinn, Appellant.

Submitted on briefs, February 3, 1976, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Charles F. Quinn,* appellant, for himself.

*James N. Diefenderfer,* with him *Howard M. Ellner,* for appellees.

OPINION BY JUDGE MENCER, March 17, 1976:

This is an appeal by Attorney Charles F. Quinn (appellant) from an order of the Workmen's Compensation Appeal Board (Board). The Board's order modified a referee's determination by limiting the amount that appellant could recover from his client, Dorothy Gilroy (claimant), for services he performed pursuant to a

contingent fee agreement concerning her workmen's compensation claim.

The undisputed facts reveal that in 1973 claimant retained appellant to file a fatal claim petition on behalf of herself and her five children, based upon the alleged compensable death of her husband. Appellant and claimant entered into a contingent fee agreement which provided in relevant part:

"(2)  Pursuant to 77 P.S. Section 998, I agree to an attorney's Contingent Fee of twenty percent (20%) out of any verdict, settlement, or award that I may receive and I further agree to pay said percentage of my benefits on all future benefits or awards arising out of the attorney's representation of me, and this is to include awards of total disability in futuro or partial disability in futuro, as arising under Section 307 of the Workmen's Compensation Act or the Occupational Disease Act of Pennsylvania. This percentage to be applied to all work done and completed at the level of the Referee.

"(3)  Should there be appeals and effort by the attorney above the level of the Hearing Examiner or Referee and should that effort be of substantial benefit to me, I hereby give the Hearing Officer, empowered to determine fee, permission and authority to increase the fee of counsel up to but not above thirty-three and one-third percent (33⅓%) on the basis and to the extent set forth in paragraph two.

"(4)  Should nothing be realized by way of settlement, verdict or award, the attorney shall have no claim against me of any kind for services rendered or costs incurred by him.

"(5)  All costs of litigation, including appeal costs, shall be paid first out of any sums received, before distribution is made and litigation costs are not to be taxed against the distributive share of my said attorneys.

"(6) All monies received in collection of hospital bills, doctor's bills, bills for prosthetic devices, bills for prescriptions and other recoverable items of damage shall not be treated as cost items but are recoverable damages upon which my said attorneys shall be entitled to a contingent fee as set forth above."

Claimant's petition proceeded before a referee, and the appellant, by considerable effort and ingenuity, secured for claimant full benefits under the Act. The referee noted appellant's request for a contingent fee, based upon his efforts on behalf of the claimant at the hearing, and set forth the following order:

"FEE DETERMINATION

"The Referee has been presented with a copy of the contingent fee contract signed by Dorothy Gilroy with attorney, Charles F. Quinn, and the Referee concludes that the contract is in strict conformity with Pennsylvania Law (77 P.S. 998) and valid regulations of the Department of Labor & Industry implementing the Statute (Regulation 121.24) and the Referee hereby awards a Twenty-five percent (25%) contingent fee to attorney, Charles F. Quinn."

General Machine Products Company and Pennsylvania Manufacturers' Insurance Company, defendants below, appealed the claimant's recovery to the Board. The Board, in an extensive and well-reasoned opinion, affirmed the referee's award to the claimant.[1] However, the Board modified the referee's award as follows:

"Under the new Act, the Board has adopted the policy of allowing an attorney's fee in the amount of Twenty per cent (20%) of the first check, and we feel that this policy is reasonable in the light of the

---

1. Pursuant to an amicable agreement between claimant and appellant, claimant has been receiving remuneration without any deductions since this time.

wording of the latest amendment. We will, therefore, modify this part of the Referee's Award.

. . . .

"In accordance with the new Act, the Board hereby Awards to Claimant's attorney a fee in the amount of Twenty per cent (20%) of the first check for compensation received by the Claimant."

Appellant's dissatisfaction with this modification resulted in this appeal.[2]

Initially, we note that this is a case of first impression in the Commonwealth. *Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 332 A. 2d 885 (1975), and subsequent companion cases[3] are not relevant here for they concern petitions for legal fees recoverable *from insurers,* pursuant to Section 440

---

2. The uncontroverted allegations in appellant's brief reveal that claimant, who was satisfied with her recovery and who has not personally joined this appeal, has in fact encouraged her attorney to seek his full recovery. Subsequent to the issuance of the Board's modification, claimant and appellant entered into an amended fee agreement which provides:

"I Dorothy Gilroy am recipient of an affirmed award of compensation benefits in the amount of $100.00 per week and although the last paragraph of the Workman's [*sic*] Compensation Board's Opinion states that Atty. Quinn shall be entitled to twenty (20) percent fee *'on the first check'* I clearly understand that that percentage applies to *all* compensation checks eventuating after the first check, resulting from the total award, secured for me by my attorney." (Emphasis in original.)

The propriety of this agreement is not before us, and we refrain from passing upon its import.

3. *See Workmen's Compensation Appeal Board v. Leuschen,* 21 Pa. Commonwealth Ct. 39, 342 A.2d 218 (1975) ; *Ball v. Workmen's Compensation Appeal Board,* 19 Pa. Commonwealth Ct. 157, 340 A.2d 610 (1975) ; *Crangi Distributing Company v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 530, 333 A.2d 207 (1975). However, *Leuschen* bears some relation to the disposition of this appeal.

of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended* (Act), 77 P.S. §996, or petitions for counsel fees in subrogation cases, pursuant to Section 501 of the Act, 77 P.S. §1021.[4]

Our disposition of this appeal is therefore controlled by our interpretation of the statutory language found in Section 442 of the Act, 77 P.S. §998, which provides as follows:

> "All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, shall be approved by the referee or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.
>
> "In cases where the efforts of claimants' counsel to produce a result favorable to the claimant but where no immediate award of compensation is made such as in cases of termination or suspension the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum."

Applying this provision to the facts at hand, we first note that the contingent fee agreement itself precluded appellant from recovering more than a 20-percent fee for his efforts on behalf of claimant before the referee. In *Workmen's Compensation Appeal Board v. Leuschen,* supra note 3, we held, relative to an interpretation of Section 440, that a 20-percent fee has been legislatively determined to be reasonable per se. Because the agreement here did provide for a 20-percent fee, the referee's

---

4. See *Richman v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 594, 329 A.2d 920 (1975).

only function was to approve that fee as reasonable per se, in accord with the express wording contained in the first sentence of Section 442.[5] Appellant could not, because of his fee agreement with claimant, petition for more than a 20-percent fee for his services before the referee. The referee could not, sua sponte, enlarge the prayer of the petition. *Compare Workmen's Compensation Appeal Board v. Dill Construction Company,* 20 Pa. Commonwealth Ct. 145, 341 A. 2d 537 (1975). The Board was correct in reversing the referee's determination since the referee, by raising the fee to 25 percent, had committed an error of law.[6]

However, the Board itself committed an error of law when it limited appellant's fee to a percentage of the "first check." Clearly, the statute allows a reasonable attorney fee based on the "amount awarded," not a percentage of the "first check." The phrase "amount awarded" is clear on its face. It includes all amounts awarded to a claimant in a referee's order. If we were to adopt the Board's practice of limiting fee recoveries to a percentage of the first check, we would obviously be encouraging attorneys, whether consciously or subconsciously, to delay the issuance of that first check for as long as possible. The Legislature did not intend to reward slow and inefficient counsel or punish prompt and efficient counsel. It intended instead to provide compensation to deserving claimants at the earliest possible date. Therefore, since the fee agreement and Section 442 of the Act

---

5. Of course, had appellant initially petitioned the Board, rather than the referee, for his 20-percent fee, it would have been within the scope of the Board's authority to have approved such a petition as reasonable per se.

6. If a claimant and his attorney have not agreed on counsel fees or if the agreement provides for counsel fees in excess of 20-percent of the amount awarded, the official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding 20-percent of the amount awarded.

entitle appellant to a percentage of the total award, it was error for the Board to limit appellant's recovery to the first check.

### ORDER

AND NOW, this 17th day of March, 1976, the order of the Workmen's Compensation Appeal Board relative to the attorney fee of Charles F. Quinn is reversed and this case remanded to the Board for entry of an order consistent with this opinion.