Connie L. Landis, Appellant *v.* Zimmerman Motors, Inc. and Workmen's Compensation Appeal Board, Appellees.

Argued September 10, 1976, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*Richard M. Serbin,* with him *Barron & Zimmerman,* for appellant.

*Joseph P. Green,* with him *Litke, Gettig, Flood, Lee & Martin,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, October 26, 1976:

This appeal from a decision of the Workmen's Compensation Appeal Board (Board) which, *inter alia,* dismissed a withdrawn petition for allowance of counsel fees filed by Connie L. Landis (claimant) concerns Sections 501[1] and 442[2] of The Pennsylvania Workmen's Compensation Act (Act). We affirm.

After the death of her husband on January 4, 1973, claimant entered into a compensation agreement with Zimmerman Motors, Inc. (Zimmerman) which purported to determine her rights to compensation. Subsequently, Zimmerman filed a petition for review of compensation agreement, alleging a mistake as to claimant's eligibility for compensation. In particular, Zimmerman asserted that claimant had not been living with her husband at the time of his death.[3] Claimant filed an answer denying any mistake and averring that her separation from her husband was well known to Zimmerman prior to the execution of the compensation agreement. At the hearing before the referee, claimant's attorney developed a record which tended to support this position; however, he did not place any claim for counsel fees in the record.

The referee decided that compensation should continue, but he made no provision for fees. Thereafter, both parties appealed, the claimant petitioning the Board for the allowance of counsel fees and Zimmerman appealing from the denial of its petition for re-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1021.

[2] *Added* by the Act of February 8, 1972, P.L. 25, §3, 77 P.S. §998.

[3] A widow is ineligible for benefits if, at the time of death, she is not living with the decedent and is not actually dependent upon him and receiving from him a substantial portion of her support. *See* Section 307 of the Act, 77 P.S. §562.

view. A hearing was held by the Board, but before it could act on the appeals a letter was filed by claimant's attorney withdrawing the petition for fees.[4] In its opinion, the Board dismissed Zimmerman's appeal and without discussion dismissed claimant's petition for fees. This appeal followed.[5]

This Court has previously held that the right to receive the fees in question is controlled by Sections 442 and 501 of the Act and that such claims must be presented in accordance with those sections for approval by the referee or the Board. *Workmen's Compensation Appeal Board v. Leuschen,* 21 Pa. Commonwealth Ct. 39, 342 A.2d 810 (1975); *Richman v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 594, 329 A.2d 920 (1975). Section 442 provides:

> *All counsel fees,* agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, *shall be approved by the referee or board* as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

> In cases where the efforts of claimant's counsel to produce a result favorable to the claimant but where no immediate award of compensation is made such as in cases of termination or suspen-

---

[4] While there is some indication that the petition was withdrawn so that it could be amended to include fees incurred in preparing for the cross appeals, the reason for the withdrawal does not appear of record. Nor does it appear that the petition was in fact amended.

[5] Zimmerman did not appeal the Board's ruling.

sion the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum. (Emphasis added.)

Section 501 similarly states, *inter alia,* that "[n]o claim or agreement for legal services or disbursements in support of any claim for compensation, or in preparing any agreement for compensation . . . shall be an enforceable lien against the amount to be paid as compensation, *or be valid or binding in any other respect, unless the same be approved by the board."* (Emphasis added.)

These sections provide that claims for fees for legal services performed in matters before any referee or the Board or in preparing any compensation agreement or in support of any claim for compensation *must* be presented to either the referee or the Board for approval, regardless of the party against whom collection is sought. *See Leuschen, supra,* 21 Pa. Commonwealth Ct. at 45, 342 A.2d at 815; *Richman, supra,* 16 Pa. Commonwealth Ct. at 597, 329 A.2d at 922. In the instant case, neither procedure was followed; claimant made no request for attorney's fees to the referee and withdrew her petition before the Board had acted on it. It is therefore patent that the claim for fees cannot be allowed on this record.

Accordingly, we enter our

ORDER

Now, this 26th day of October, 1976, that portion of the order of the Workmen's Compensation Appeal Board denying counsel fees to Connie L. Landis, claimant in the above captioned matter, is affimed.