Sidney S. Lerner, M.D., Administrator of the Estate of Samuel Lerner, Deceased, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Philadelphia Psychiatric Center, Pennsylvania Manufacturers' Association Insurance Company and Gerald J. Haas, Esq., Respondents.

Argued April 3, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Sidney S. Lerner, M.D.*, petitioner, for himself.

*Gerald J. Haas*, with him *James N. Diefenderfer*, for respondents.

OPINION BY JUDGE WILKINSON, JR., May 16, 1978:

This case, an appeal of an order of the Workmen's Compensation Appeal Board (Board) awarding counsel fees to respondent, arises out of workmen's compensation proceedings wherein the employer sought to terminate benefits to Samuel Lerner (claimant).

Respondent, an attorney, was hired by claimant to represent him at these proceedings on September 26, 1971; claimant died on December 21, 1971. Respondent continued to represent the estate (of which petitioner, the brother of the claimant, was appointed administrator) in the workmen's compensation action. On November 14, 1972 respondent and the employer's insurance company agreed to a stipulation of facts and a proposed payment of $4,800. The petitioner orally agreed to accept the agreement that same day and the following day the agreement was presented to the referee. However, when the written agreement (with the amount of payment increased to $5,000) was presented to petitioner for his signature he delayed signing it for a period of five months. Finally on April 19, 1973 petitioner informed respondent that he would not sign the agreement and instead requested the re-

spondent to secure an agreement from the insurance company to pay an additional $160 for certain medical bills. Respondent refused to seek this additional sum and withdrew from the case. Hearings were held with the petitioner appearing pro se and following a series of appeals an award was made of $6,271.10 representing compensation of $4,911.43 and the balance in interest. Respondent filed a petition with the Department of Labor and Industry asking for payment for approximately 20 hours of legal work on the claim. This petition was granted by the Board in the amount of $1,460 plus interest at the rate of 6 per cent per annum from January 1, 1973 until the date of payment. From this award petitioner appeals.

Petitioner throughout has regrettably misread The Pennsylvania Workmen's Compensation Act[1] which makes it difficult for us to sift the wheat from the chaff in determining and properly disposing of the issues he has raised. As we apprehend the matter, the only real issue in this case is whether the Board had the authority under Section 501 of the Act, 77 P.S. §1021, to approve the fee.

Petitioner first argues that this award was improper because there was no prior approval of the agreement between claimant and counsel by the Board or referee. He relies on a decision of the Board dated October 2, 1975 which dismissed the respondent's petition on the ground there had been no prior approval of counsel fees. However, that decision did nothing more than state the proper procedure under Section 501 required respondent to file his claim with the Department of Labor and Industry (which was subsequently done). *See Richman v. Workmen's Compen-*

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq. (Hereinafter referred to as Act.)

*sation Appeal Board,* 16 Pa. Commonwealth Ct. 594, 329 A.2d 920 (1973).

Alternatively, petitioner argues that respondent, having breached his contract by withdrawing from the case, should not be permitted to share in the award of compensation made after his withdrawal. This argument, however, misstates allegations in respondent's petition which were not denied by petitioner, and the legal basis to support respondent's award of counsel fees. These factual allegations show that respondent had negotiated and petitioner had agreed to a settlement on November 14, 1972 and that respondent's petition for counsel fees was based on the amount of work actually performed by respondent on behalf of his client up to January 1, 1973. While petitioner could and in fact did repudiate his initial agreement to the settlement, he could not by so doing deprive counsel of a reasonable fee for the amount of services he did render. *See Sundheim v. Beaver County Building & Loan Association,* 140 Pa. Superior Ct. 529, 14 A.2d 349 (1940) (allocatur refused). For this reason we also find petitioner's assertion that Section 442 of the Act, added by the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §998,[2] precludes this award to be without merit since that section gives the Board the authority to award counsel fees exceeding the statutory amount "upon cause shown."

Similarly we are not persuaded by petitioner's assertion that the Board is without authority under Section 501 to award counsel fees plus interest in the proper case. Moreover, we believe, sufficient facts are in the record, undisputed by petitioner to conclude the award of interest in this case was "reasonable" and

---

[2] Respondent has not argued, nor do we find it necessary to decide, the issue of the retroactivity of Section 442 to injuries occurring prior to the effective date of the 1972 amendments.

thus, properly made by the Board. *See Workmen's Compensation Appeal Board v. Leuschen,* 21 Pa. Commonwealth Ct. 39, 342 A.2d 810 (1975). The record showed the agreement had been prepared and agreed to by petitioner consisting of a $4,800 settlement and attorney's fees of $1,393 which was subsequently increased to $1,460 based on the increase in the settlement to $5,000. In all cases of contract interest is allowable at the legal rate from the time payment was withheld after it became the duty of the debtor to make payment. *Palmgreen v. Palmer's Garage, Inc.,* 383 Pa. 105, 117 A.2d 721 (1955). There was ample evidence for the Board to have concluded the repudiation of the agreed settlement was unreasonable and unwarranted. Petitioner has advanced no reason for rejecting the stipulation other than his desire to have additional compensation for $160 for medical bills. This assertion, however, must be viewed in light of the fact that petitioner had originally agreed to a $4,800 settlement and later rejected a stipulation incorporating a $5,000 settlement. Also germane to this issue is the fact that the $5,000 settlement which would have been paid on or before January 1, 1973 was above the sum ultimately awarded in compensation after protracted hearings and appeals encompassing a two year period.

Accordingly, we will enter the following

## Order

And Now, May 16, 1978, the order of the Workmen's Compensation Appeal Board, dated November 5, 1976 at Docket No. C.F. 2384, is affirmed and it is directed that judgment be entered in favor of Gerald J. Haas, Esquire and against the Estate of Samuel Lerner, Deceased and/or Sidney S. Lerner, M.D., in the sum of $1,460 plus interest at the rate of six per cent per year from January 1, 1973 until the date of payment.

## AMENDED ORDER

AND NOW, June 21, 1978 upon petition of Sidney S. Lerner, M.D., the order of this Court in the above captioned matter, dated May 16, 1978, is hereby amended to state that reference in such order to Sidney S. Lerner, M.D., is to him solely in his capacity as Administrator of the Estate of Samuel Lerner, deceased, and not to Sidney S. Lerner, M.D., personally.