C. P. Wright Construction Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Sandra J. Smith, Respondents.

532

Argued September 10, 1979, before Judges WIL-KINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Michael J. Brillhart,* with him *Markowitz, Kagen & Griffith,* for petitioner.

*John A. Ayres, Jr.,* with him *Ullman, Painter, Misner and Ayres,* for respondents.

OPINION BY JUDGE ROGERS, October 18, 1979:

C. P. Wright Construction Company (Wright) has appealed a decision of the Workmen's Compensation Appeal Board affirming the referee's decision that Matthew and Kelli Smith, minors, are entitled to continued compensation benefits under Section 307 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §562. We vacate the Board's order and remand the record to the Board for a recomputation of benefits to be paid on behalf of Matthew, Kelli and a third child, Staci Lynn Smith.

Matthew and Kelli, whose deceased father, Gary Leon Spielman, was an employe of Wright, had been receiving compensation benefits from Wright under Section 307 of the Act, which provides in part that "[c]ompensation shall be payable under this Section to or on account of any child . . . under the age of eighteen. . . ."[1] Their mother, Mr. Spielman's widow, Sandra J. Smith, subsequently remarried. Her new husband adopted the children. Wright then petitioned for termination of benefits to Matthew and Kelli under Section 413 of the Act, 77 P.S. §772, which provides for termination of benefits when, *inter alia,* "the status of any dependent has changed."[2]

Wright argues that the Appeal Board erred in deciding that actual dependency is not required for a child to receive compensation benefits. Wright contends that Matthew and Kelli's adoption by their stepfather ended their dependency upon their deceased father's estate and thus removed them from the pur-

---

[1] Staci Lynn Smith was born to Spielman posthumously. Wright was not notified of her birth; thus she had not been receiving compensation benefits.

[2] Wright also petitioned for termination of benefits to Ms. Smith, since she had remarried. Termination was granted and no appeal has been taken from that part of the referee's decision.

view of Section 307 of the Act. This argument is without merit, as it has been consistently held that actual dependency is not required for a child to receive compensation benefits under Section 307 of the Act. *Lehigh Foundations, Inc. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 416, 419, 395 A.2d 577, 578 (1978); *Mohan v. Publicker Industries, Inc.,* 202 Pa. Superior Ct. 581, 198 A.2d 326 (1964).

Wright also argues that the Appeal Board was incorrect in deciding that Matthew and Kelli's adoption did not change their status as children of their deceased father. Wright reasons that under the Adoption Act, Act of July 24, 1970, P.L. 620, §§101 et seq., *as amended,* 1 P.S. §§101 et seq., Matthew and Kelli's rights flowing from their deceased father, including compensation benefits, have been severed and have been transferred to their adoptive father. While this argument is one of first impression in Pennsylvania, the majority of courts in other jurisdictions which have dealt with the issue have held that a child's adoption after a parent's death does not affect that child's right to receive compensation benefits. See 2 A. Larson, Workmen's Compensation Law §64.40 (1976) and cases cited therein. We agree with the Appeal Board's adoption of the majority rule. As we have stated in *Lehigh Foundations,* 39 Pa. Commonwealth Ct. at 422, 395 A.2d at 579, "[s]ection 307 evidences a legislative intent to compensate children of a deceased employee as a result of their filial status." The Adoption Act does not alter a child's "filial status", but merely provides that the child "shall have all the rights of a child and heir of the adopting parent . . . and shall be subject to the duties of a child to him. . . ." Section 502 of the Adoption Act, 1 P.S. §502. Nor is there any indication in the Workmen's Compensation Act of a legislative intent to terminate benefits to a child upon the

child's adoption subsequent to a parent's death. Therefore, it cannot be said that Matthew and Kelli's status as Spielman's children has changed so as to permit termination of their benefits under Section 413 of the Workmen's Compensation Act, 77 P.S. §772.

Wright also says that Matthew and Kelli may, and should not be, afforded a double recovery under the Act should their adoptive father be killed during the course of his employment. However, in *Decker v. Mohawk Mining Co.*, 265 Pa. 507, 109 A. 275 (1919), the Pennsylvania Supreme Court held that under Section 307 of the Act, children could receive compensation benefits through the death of their stepparent even though they were receiving compensation because of the death of a natural parent.[3] The soundness of this holding is amplified when one considers that a contrary result might well deprive an adopted child of all needed benefits should the adoptive parent be killed outside the scope of his or her employment.

The third child, Staci Lynn Smith, was born after her father's death. She also was adopted by their mother's new husband. Although posthumous children are entitled to compensation benefits (Section 307 of the Workmen's Compensation Act, 77 P.S. §562), Wright was not notified of Staci's birth and she received no benefits from Wright, nor was she included in Wright's termination petition. Counsel have stipulated before this Court that any order affecting Matthew and Kelli shall include Staci. Since we are now holding that Matthew and Kelli are entitled to compensation benefits notwithstanding their adoption, Staci must also receive benefits. However, the Appeal

---

[3] The *Decker* Court noted that if this result seemed inequitable, it would be up to the legislature to modify the Act, 265 Pa. at 508-09, 109 A. at 275. But, in the sixty years since *Decker*, nothing has been legislatively or judicially added to the Act to preclude double recovery.

Board's award was based upon the rate of compensation benefits for two dependents. Different rates are applicable where there are three dependents. *See* Section 307(1), 77 P.S. §561(1)(b) and 77 P.S. §561 (1)(c). We must therefore remand this case to the Appeal Board for a recomputation of compensation benefits to be paid on behalf of Matthew, Kelli and Staci.[4]

Finally, Matthew and Kelli, through their mother, have requested an award of attorney's fees under Section 440 and 442 of the Act, 77 P.S. §§996, 998. Since it appears from the record that the prayer for attorney's fees was not raised below, but is made for the first time in this Court, it must be denied.[5] *Landis v. Zimmerman Motors, Inc.,* 27 Pa. Commonwealth Ct. 99, 365 A.2d 190 (1976).

Accordingly, we enter the following:

ORDER

AND Now, this 18th day of October, 1979, the decision of the Workmen's Compensation Appeal Board, No. A-7411, entered March 23, 1978, is vacated and this case is remanded for further proceedings consistent with this opinion.

---

[4] Neither a penalty nor interest should be assessed in favor of Staci Lynn and against Wright because Wright had no notice of Staci's existence until the referee's hearing. However, interest on the awards to Matthew and Kelli is chargeable at the rate of ten percent (10%) on all accumulated compensation.

[5] Counsel fees must be approved by the referee or the Appeal Board. Section 442 of the Act, 77 P.S. §998. *See also Landis v. Zimmerman Motors, Inc.,* 27 Pa. Commonwealth Ct. 99, 101, 365 A.2d 190, 191 (1976). Since Ms. Smith and Matthew and Kelli were not represented by counsel before the referee, there was no need for them to have raised the issue of attorney's fees in that proceeding. However, they were represented by counsel before the Board and a claim for attorney's fees could and should have been raised at that time. Moreover, the case being one of first impression, Wright's contest was reasonable.