Ralph B. Humphreys, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bonita R. Towndrow, Respondents.

Argued February 7, 1980, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Joseph P. Olexy,* for petitioner.

*James P. Harris, Jr.,* of *Harris, Johnston & Maguire,* for respondents.

OPINION BY JUDGE CRAIG, March 12, 1980:

Ralph B. Humphreys, employer, petitions for review of the decision of the Workmen's Compensation Appeal Board which affirmed the referee's award of workmen's compensation benefits and also the allowance, as costs against employer, of claimant's attorney's fees in the amount of twenty percent of the compensation.

Employer appeals only from that portion of the affirmed decision which relates to the award of counsel fees. The controlling law on this matter is Section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736 (Act), added by the Act of February 8, 1972, P.L. 25, Section 3, *as amended,* 77 P.S. §996, which provides that attorney's fees are not due as part of the award where "a reasonable basis" for the contest of the claim is established.

Because we have held that attorney's fees in the amount of twenty percent or less of the benefits are reasonable in amount, *Workmen's Compensation Appeal Board v. Leuschen,* 21 Pa. Commonwealth Ct. 39, 342 A.2d 810 (1975), the only question before us is whether there was a reasonable basis for the unsuccessful contest of the claim.

The record reveals, as the referee found, that the claimant's husband died in a one-vehicle accident in Lenox Township, Pennsylvania on May 25, 1977, while in the course of his employment as an interstate truck driver. Claimant filed a fatal claim petition with the compensation authorities on August 16, 1977.

Employer's insurer's answer, filed November 18, 1977, admitted the allegations relating to the decedent's employment and circumstances of the accident, but requested proof of dependency of the decedent's widow and three children. Employer's own answer, filed the same day, stated the decedent's weekly wages from April 16, 1977 until his death, and no other matter. On November 23, 1977, employer's insurer filed an amended answer, identical to that filed November 9, adding only, as a matter of further defense, that the case was not within the jurisdiction of the Pennsylvania compensation laws. This latter argument was never pursued beyond its incorporation in that amended answer.

At a January 18, 1978 prehearing conference, employer's attorney admitted decedent's employment, the accident, his weekly wages, his funeral expenses, notice of the claim as set forth in the original petition, and decedent's marriage to claimant, her dependency, and that of their three children. After a second prehearing conference on February 23, 1978, a full evidentiary hearing was held March 29, 1978.

At that hearing, claimant was present (having travelled from Florida specifically for the hearing)

and testified in accordance with her claim petition and supporting documents, and employer again admitted the particulars of employment, wages, and the accidental death. On cross-examination of claimant, employer's attorney asked only four questions, all relating to claimant and her children having lived with the decedent at the time of his death. Employer brought forth no evidence, testimonial or otherwise, to oppose claimant's petition.

The referee found that no Notice of Workmen's Compensation Denial was ever filed by employer,[1] and that the employer offered no defense to the claim petition other than to demand proof of dependency and raise a question of jurisdiction. The record is clear that neither the employer nor its insurer paid any compensation whatsoever to claimant until May, 1978. The referee further found that:

12. The action of the carrier in failing to offer any semblance of a defense and its delay in the payment of compensation is found to be

---

[1] Section 406.1 of the Act, added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §717.1 provides, in pertinent part:

The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knoweldge of the employe's disability.

. . . .

If the insurer controverts the right to compensation it shall promptly notify the employe or his dependent, on a form prescribed by the department, stating the grounds upon which the right to compensation is controverted and shall forthwith furnish a copy or copies to the department.

Regulations of the Department of Labor and Industry, at 34 Pa. Code §121.13, provide that:

If compensation is controverted, Notice of Workmen's Compensation Denial, Form OIDC-496, shall be sent to employe or dependent fully stating the grounds upon which the right to compensation is controverted, with a copy to the Department, no later than 21 days after notice or knowledge to the employer of employe's disability or death.

unreasonable. There is no apparent reason, here, why the carrier could not or would not have voluntarily paid a lesser rate of compensation applicable under New York State law and litigate, if it felt the matter appropriate, the question of jurisdiction under the Pennsylvania law.

13. Clearly, the 28-year old decedent was killed in a truck accident while he was employed by the defendant, leaving to survive him a 27-year old wife and three infant children, who have yet to receive compensation benefits. If this is not a violation of the Workmen's Compensation law, in fact, it is a violation of the spirit of that Act.

Accordingly the referee concluded that the employer had "offered no reasonable defense to the within claim petition and the delay in the payment of compensation is found to be unreasonable."

The jurisdictional argument was wholly without merit because the Act, ever since its enactment in 1915, has applied to all work-related accidents, and since 1972, injuries "occurring within this Commonwealth, irrespective of the place where the contract of hiring was made, renewed, or extended." Section 101 of the Act, 77 P.S. §1. For the employer to admit the circumstances of the accident, which occurred in this state, and then to question the jurisdiction of the Pennsylvania compensation authorities was inherently unreasonable.

Similarly, employer failed to establish a reasonable basis for the contest when it requested "proof of dependency." Economic dependency of a widow or of any child under the age of 18 is not relevant to compensation liability if those claimants resided with the decedent at the time of his death. Section 307 of the Act, *as amended,* 77 P.S. §562. Further, even after re-

questing such proof,[2] employer effectively retracted that request when it admitted dependency at the first prehearing conference.

Therefore, we find no error in the referee's award of counsel fees as costs against employer.

Accordingly, we affirm the decision.

## ORDER

AND Now, this 12th day of March, 1980, the order of the Workmen's Compensation Appeal Board, dated December 7, 1978, at No. A-75131, is affirmed. Accordingly, it is ordered that judgment be entered in favor of claimant, Bonita R. Towndrow, and against Ralph B. Humphreys and its insurer, Hartford Accident and Indemnity Company, in the following amounts:

1. Compensation at the rate of $199.00 per week, beginning May 25, 1977, and continuing indefinitely within the limitations of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq.

2. Claimant's expenses for travel and accommodations necessitated by her attendance at the referee's hearing, in the amount of $230.00.

---

2 The need for proof of dependency advanced by employer as a basis for the contest falls short of reasonableness not only because of its irrelevance under the statute, but also because of instructions in the forms on which the answers to claimant's petition were filed. The form on which employer's own answer was submitted expressly states that "[e]very fact alleged in the claim petition not specifically denied by this answer shall be deemed to be admitted." The form on which employer's insurer filed its initial and amended answers is even more explicit, because it states that "[e]very allegation in a claim petition not specifically denied will be deemed to be admitted. *Blanket denials or 'proof demanded'* will not be a compliance with this requirement." (Emphasis supplied.)

In addition to the foregoing, Ralph B. Humphreys and its insurer shall pay to the Fitch Funeral Home, Boonville, New York, the sum of $661.00 for burial expenses.

Again in addition to the above, Ralph B. Humphreys and its insurer shall pay to James P. Harris, Jr., Esquire, as counsel fees, a sum equivalent to 20% of any and all payments made to the claimant retroactively, now, or in the future.

Interest at the rate of 10% per annum shall be paid on deferred payments of compensation and related benefits from the date due until the date paid.

President Judge BOWMAN did not participate in the decision in this case.