## Martin H. Philip Associates v. Schell

*Harry A. Jacobowitz,* for plaintiff.
*Dianne M. Dickson,* for defendant Karen Schell.

LAVELLE, *P.J.,* March 11, 1985—This law suit by the Martin H. Philip law firm (herewith called Philip) seeks to collect legal fees based on a fee agreement in a Workman's Compensation case. Defendant Donald Schell has not entered a defense and a default judgment has been taken against him. Defendant Karen Schell filed an answer with new matter to which plaintiff has replied. She now seeks summary judgment.

## FACTS

On or about April 13, 1982, Philip was retained by defendant Donald Schell to resist a petition for modification of a Workman's Compensation order filed by his employer Graver Northeast. Both defendants signed a fee agreement to pay Philip costs and the sum of $70 per hour for legal services.

On or about January 10, 1984, following Philip's representation of the defendant Donald Schell, the Workman's Compensation Referee entered the following order:

"Defendant's Modification Petition is GRANTED as of July 21, 1982 as claimant's condition of total disability changed to a condition of partial disability as of that date.

Defendant, Graver Northeast and/or its insurer, INA Insurance Co., is ordered and directed to continue to make compensation payments to the claimant at the rate of $213.00 per week for a condition of partial disability as claimant's earning power based on the job availability doctrine does not warrant a reduction in the amount of compensation payable to the claimant for partial disability.

Claimant's counsel has submitted a statement for professional services rendered based on an hourly rate of $70.00 per hour. Claimant is not entitled to have an award of counsel fees to be paid by defendant and/or its insurer as defendant had a reasonable basis for the filing of its Modification Petition. Counsel fees in the amount of twenty (20) per cent of the compensation payable to the claimant during the period from February 10, 1982 until July 21, 1982 are approved and shall be deducted from the amount of compensation payable to the claimant at the rate of $25.00 per week until paid in full and said counsel fees to be paid to claimant's counsel, Martin H. Philip Associates, P.C., P. O. Box 195, Palmerton, Pa. 18071-0195, and the balance of said compensation shall be paid directly to the claimant."

Philip requested the referee to reconsider the award regarding attorney fees. The referee entered the following amended order:

"Claimant's counsel has submitted a statement for professional services rendered based on an hourly rate of $70.00 per hour. Claimant is not entitled to have an award of counsel fees to be paid by defendant and/or its insurer as defendant had a reasonable basis for the filing of its Modification Petition. Counsel fees in the amount of twenty (20) per cent of the compensation payable to the claimant during the period from February 10, 1982 until July 21, 1982 in the total amount of $979.80, are approved and shall be deducted from the amount of compensation payable to the claimant at the rate of $42.60 until $979.80 is paid in full and said counsel fees to be paid to claimant's counsel, Martin H. Philip Associates, P.C., P. O. Box 195, Palmerton, Pa. 18071-0195, and the balance of said compensation shall be paid directly to the claimant.

In all other respects, the prior decision and order in this case is hereby reaffirmed."

Donald Schell appealed the referee's order to the Workman's Compensation Appeals Board. Philip, however, withdrew as counsel prior to the hearing before the board and the disposition of his appeal is unknown.

Relying on the terms of the fee agreement and the hours of professional services expended on the case, Philip claims $3,227 in fees and $255.15 in costs. Defendants have paid $250 on this account. Under the referee's award of counsel fees, plaintiff will receive a total of $979.80.

## DISCUSSION

We begin, as we must in every case, with a jurisdictional investigation. A court has not only the right but the obligation to raise a jurisdictional defect, sua sponte, where it is present. Troiani Bros., Inc. v. Com. of Pa., 488 Pa. 386, 390, n. 5, 412 A. 2d 562, 564, n. 5 (1980).

Facially, the instant case, a civil action, appears properly within our jurisdiction. Upon close scrutiny of the complaint, however, it appears that Philip is attempting to use this court to overturn the decision of the Workman's Compensation Referee with respect to its counsel fees. As we shall presently demonstrate, the law does not permit such use of the common pleas court.

The general rule is that neither the law side nor the equity side of a court has jurisdiction to enter an action where an administrative remedy is statutorily prescribed. Campbell v. Commonwealth, Dept. of Labor and Industry, 80 Pa. Commw. 558, 471 A. 2d 1331 (1984). The Workman's Compensation Act, through its comprehensive provisions, creates an

exclusive administrative remedy for the injured worker. Bigley v. Unity Auto Parts, Inc., 496 Pa. 262, 436 A.2d 1172 (1981). It is undisputed that the Workman's Compensation Act was applicable to Donald Schell's claim and therefore Philip must follow the administrative process prescribed by the Workman's Compensation Act, 77 P.S. §1 et seq, particularly §998 and §1021. The act, 77 P.S. §998 provides that:

"All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, shall be approved by the referee or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

In cases where the efforts of claimants' counsel produce a result favorable to the claimant but where no immediate award of compensation is made such as in cases of termination or suspension the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum."

Section 1021 provides in pertinent part:

. . .

"No claim or agreement for legal services or disbursements in support of any claim for compensation, or in preparing any agreement for compensation, under article three of this act, shall be an enforceable lien against the amount to be paid as compensation, or be valid or binding in any other respect, unless the same be approved by the board. Any such claim or agreement shall be filed with the

department, which shall, as soon as may be, notify the person by whom the same was filed of the board's approval or disapproval thereof, as the case may be."

. . .

As correctly pointed out by defendant's counsel in her brief, "The whole purpose of these sections of the Workman's Compensation Act is to allow the board to control the fees awarded to attorneys representing workers and is in keeping with the purpose of the Act to provide adequate compensation to the injured worker. See: Barbieri, Pennsylvania Workman's Compensation, Section 6.40, and 'Review and Control of Claimant's Counsel Fees in Workman's Compensation Cases,' The Legal Intelligencer, May 2, 1973. . . ."

Section 998 clearly requires that *all* fees be submitted to the referee for approval. Section 1021 requires Board approval before a claim for legal fees can be enforceable lien on compensation. Philip complied with §998 and submitted its claim for attorneys fees to the referee, and even sought a reconsideration of the referee's award. At that point plaintiff inexplicably abandoned the administrative process.

The act further provides for an appeal to the Workman's Compensation Board of an adverse referee's decision, 77 P.S. §853. A claimant is thereby given the opportunity for judicial review of a final decision of the Board. The Commonwealth Court has exclusive jurisdiction over appeals from final orders of the Workman's Compensation Board. See, 42 Pa. C.S. §763.

Philip's brief is bereft of any cases where a common pleas court has exercised jurisdiction over a claim for attorneys' fees previously denied by the Workman's Compensation Referee. Our independent research revealed none.

The cases cited by Philip* in its brief are inapposite. These cases, contrary to plaintiff's contention, demonstrate that the Commonwealth Court can review a referee's award of counsel fees, if the issue is properly raised before both the referee and the board. It is clear from these cases and the statutes referred to therein that there is no statutory authority to permit intervention by a court of common pleas in that administrative process.

Without statutory or case law support for our jurisdiction, we conclude that we have none. If plaintiff felt the referee abused his discretion or committed an error of law in making that award, the appeal to the Workman's Compensation Appeals Board should have been pursued and then, if necessary, appealed to the Commonwealth Court.

For the foregoing reasons, we make the following

## ORDER

And now, this March 11, 1985, the complaint in the above captioned case is dismissed for lack of subject matter jurisdiction.

---

* W.C.A.B. v. Dowling, 22 Pa. Commw. 7, 457 A2d 318 (1975); W.C.A.B. v. Leuschen, 21 Pa. Commw. 39, 342 A2d 810 (1975); W.C.A.B. v. General Machine Products Co., 24 Pa. Cmmw. 95, 353 A2d 911 (1976); Landis v. Zimmerman Motors, Inc., 27 Pa. Commw. 99, 365 A2d 190 (1976); Richman v. W.C.A.B., 16 Commw. 594, 329 A 2d 920 (1975)