Boyle *v.* Dealer's Transport Company, Appellant.

Argued March 4, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James P. Costello, Jr.*, with him *Robert J. Gillespie, Herbert A. Barton*, and *Swartz, Campbell & Henry*, for appellant.

*Paul R. Selecky*, for appellee.

OPINION BY WATKINS, J., June 11, 1957:

This appeal is by an employer defendant from a decision of the Court of Common Pleas of Luzerne County, which affirmed an award of compensation to **minor** brothers and sister of the half blood of the decedent, based on the conclusion that the decedent was in loco parentis to said brothers and sister.

The contention of the defendant employer is that the mother is entitled to recover and not the brothers and sister. If this conclusion were sustained the cost to the defendant would be substantially less.

In this case the deceased employee was unmarried, childless and left to survive him a mother and brothers and sister of the half blood. The conclusion that the decedent was in loco parentis to the brothers and sister made them children under the Workmen's Compensation Act and excluded the mother from compensation. There is certainly no ambiguity in the act on this point. Section 307 (7) of the Act of June 2, 1915, as amended, 77 PS §562.

The referee found as a fact and the board confirmed, and it is so stipulated by counsel, that Edna M. Boyle, the mother of the decedent, and her children were entirely dependent upon the decedent; that he was their sole support; and that they were members of the household maintained by him. These facts are final and may not be inquired into upon appellate review, and the only question here subject to review is whether there is sufficient evidence to support the conclusion that the decedent was in loco parentis to his brothers and sister. *Kransky v. Glen Alden Coal Co.,* 354 Pa. 425, 47 A. 2d 645 (1946).

*Robinson's Estate,* 35 Pa. Superior Ct. 192, 195 (1908), defined one who is in loco parentis to a child as "a person who means to put himself in the situation of a lawful father of the child with reference to the father's office and duty for making provision for the child." If loco parentis is a legal status then proof of essential facts is required to support a conclusion that such a relationship exists. In *Kransky v. Glen Alden Coal Co.,* supra, at page 428, 47 A. 2d, at page 646, the Court said: "While the support and maintenance of a dependent child is a fact of evidentiary value in determining whether the one furnishing the support stands in loco parentis to the child, it is necessary that the evidence as a whole be sufficient to justify a finding that the supporting person intended to assume the rights, duties and responsibilities of a lawful parent to the child."

In the instant case Mrs. Boyle's second husband died February 14, 1950, thereafter she and all the children lived together. Although she had received proceeds from the sale of a property all her assets had been expended by October 20, 1953. During the entire time the decedent contributed from $50. to $60. per week to the family household. He signed the lease

of the family apartment and paid all the bills. When at home all the children took orders from him. He declared to his mother that he would never marry as long as the children were small. He procured all their clothing.

We are of the opinion that there was sufficient competent evidence for the court below to infer that the decedent had intended to place himself in the situation of a lawful father, which together with the agreed findings of dependency and membership in his household, adequately support the conclusion of law that he was in loco parentis to the brothers and sister. *Fitzpatrick v. Hudson Coal Co.,* 159 Pa. Superior Ct. 53, 46 A. 2d 589 (1946).

Judgment affirmed.