Opinion by
 

 Woodside, J.,
 

 This is an appeal of a claimant from an order of the court of common pleas reversing the Workmen’s Compensation Board.
 

 Alma Mohan died March 11, 1958, from injuries received the prior day in a compensable accident, leaving her husband, minor son and mother as survivors. The widower filed a petition for compensation alleging dependency of himself, the minor son and the deceased’s mother. The widower later withdrew his own claim, admitting that he had not been dependent upon the deceased for support.
 
 [1]
 
 The referee allowed compensation to the son until his 18th birthday, but denied it to the partially dependent mother on the ground that she is entitled to compensation only if there is no widow, widower or children eligible for compensation. See Section 307(5) of The Pennsylvania Workmen’s Compensation Act of June 2, 1915, P. L. 736, as re-enacted and amended, 77 P.S. §561 (5).
 
 [2]
 
 Upon appeal, the board
 
 *583
 
 allowed the mother compensation to commence after her grandson became 18 years of age and his compensation ceased. The Court of Common Pleas No. 6 of Philadelphia County, in an opinion by Judge Kelley, reversed the board and reinstated the holding of the referee.
 

 The mother of the deceased attempts to qualify for compensation first by claiming that the child was not a dependent, and therefore not entitled to compensation. Children under 18 years of age are entitled to compensation for the death of their mother without proof that they were actually dependent upon her for support. A child’s right to receive compensation arises from his status as a child of the employe and actual dependency upon the deceased is not required.
 
 Nordmark v. Indian Queen Hotel Co.,
 
 104 Pa. Superior Ct. 139, 143, 145, 159 A. 200 (1932). Furthermore, the dependency of the child was alleged in the claim petition and admitted by the defendant on the record. See
 
 Thomas v. Bache,
 
 155 Pa. Superior Ct. 224, 232, 233, 38 A. 2d 551 (1944).
 

 Since the child of the deceased was entitled to compensation, the question remains whether the partially dependent mother of the deceased is entitled to compensation after the child’s compensation ceases.
 

 Section 307 of The Pennsylvania Workmen’s Compensation Act, supra, 77 P.S. §561, provides that “In case of death, compensation shall be computed on the following basis, and distributed to the following persons: ... (5) If there be neither widow, widower, nor
 
 *584
 
 children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the accident, . . .”
 

 Also contained in the same section, 77 P.S. §562, is the following: “If the compensation payable under this section to any person shall, for any cause, cease, the compensation to the remaining persons entitled thereunder shall thereafter be the same as would have been payable to them had they been the only persons entitled to compensation at the time of the death of the deceased.”
 

 The appellant contends that this last provision entitles the mother to compensation after the compensation to the child ceases, even though she was not one of the “persons entitled to compensation at the time of the death of the deceased.”
 

 Section 307, supra, as its first sentence indicates, deals with two matters — (1) the computation of the compensation, and (2) the persons entitled to compensation. The second provision quoted from the section relates to the computation of compensation, and not to the persons eligible to receive compensation. It increases compensation to the “remaining persons entitled.” One is a “remaining person entitled” only if he has been entitled to compensation prior to the contingency. A “remaining person” implies that that person is a member of a group whose number has been diminished.
 

 The contention of the appellant is not new. It was first raised and rejected in 1924 by the Workmen’s Compensation Board. Except for a short period when the legislature changed the section, the law has been interpreted as stated by the court below since 1924, and probably since the act first became effective. When the question was raised before the board in 1924 the relevant language of the act concerning eligibility was identical to the present language, although the provi
 
 *585
 
 sions relating to the amounts of compensation have been changed.
 

 In
 
 Barnes v. Irwin & Leighton,
 
 9 W.C.B. 462, 10 Dept. Rep. 1538 (1924),
 
 [3]
 
 after examining the statutory-language now before us, the board said that . . the person so entitled was the decedent’s common-law wife. This determination automatically excluded the claimant [a parent] from compensation. What happens subsequent to the time of the decedent’s death can not affect the rights of the claimant.” The board discussed the “endless complications [that] might arise if the case were otherwise,” particularly with the commutation of compensation. See also Skinner’s Pennsylvania Workmen’s Compensation Law, 4th edition, Yol. 1, p. 573.
 

 The legislature changed the law relating to the eligibility of parents by the amendment of June 4, 1937, P. L. 1552, 1567, but, by the subsequent amendment of June 21, 1939, P. L. 520, 535, restored the relevant language that had existed prior to 1937 and that exists today.
 

 In cases arising out of compensable accidents occurring while the Amendment of 1937 was effective, surviving dependent parents were entitled to compensation along with widows, widowers and children if the maximum compensation payable under the Act was not being paid to a widow or widower and children. See
 
 Bucci v. Lincoln Coal Co.,
 
 140 Pa. Superior Ct. 538, 14 A. 2d 359 (1940);
 
 Ware v. Northern Metal Company,
 
 147 Pa. Superior Ct. 102, 24 A. 2d 119 (1942).
 

 We must view our interpretation of the statute in the light of two important considerations. First, the
 
 *586
 
 legislature, knowing since 1924 the interpretation being put upon its language by those administering its statute and amending the section involved at least eleven times since then, never took the obvious and easy step of specifically stating that a parent should receive compensation after compensation ceased being paid to the widow, widower and children. Second, when in 1937 it desired to extend the eligibility of parents, it did so, and when in 1939 it desired to take such rights away from parents, it did that. If the interpretation placed upon the statute for all these years was not the interpretation intended by the legislature, it would have amended the section to read as the appellant would like it to read.
 

 As recently as 1957, we said through Judge Watkins in
 
 Boyle
 
 v.
 
 Dealer’s Transport Company,
 
 184 Pa. Superior Ct. 38, 39, 132 A. 2d 709 (1957), “The conclusion that the decedent was in loco parentis to the brothers and sister made them children under the Workmen’s Compensation Act and excluded the mother from compensation. There is certainly no ambiguity in the act on this point.”
 

 Counsel for the appellant recognizes that he is asking us to
 
 change
 
 the law for he argues that “the interpretation of the Act must change with time.” Judge made rules should be continually re-examined by the courts in the light of changing times, but statutory rules made by the legislature must be changed by the legislature. It would be a gross usurpation of legislative power for the; courts to apply its “social philosophy,” as the appellant requests, in order to bring about a change in statutory law. This principle is especially applicable to Workmen’s Compensation Law which is a creation of the legislature and which has been reviewed and changed at almost every general session of the legislature since it was first enacted in 1915.
 

 Aside from the basic principles of our government which operate here against the appellant’s contention,
 
 *587
 
 there is a sound practical reason why rules substantially increasing the liability of employers and their, insurance carriers should be made prospectively by the legislature rather than retroactively by the judiciary. Predictable results of litigation are particularly important in the administration of workmen’s compensation since insurance rates are formulated on the basis of the amount which the insurer can be expected to pay on claims under the existing law. Maintaining a fair rate structure is impossible if unexpected retroactive changes in the law are allowed.
 

 Order affirmed.
 

 [1]
 

 Section 307 of The Pennsylvania Workmen’s Compensation Act of June 2, 1915, P. L. 736, as re-enacted and amended, 77 P.S. §562, provides, inter alia, “No compensation shall be payable under this section to a widower, unless he be incapable of self-support at the time of his wife’s death and be at such time dependent upon her for support.”
 

 [2]
 

 The last amendment
 
 to the
 
 Workmen’s Compensation Act effective on the date of the accident in March 1958 was the Act of
 
 *583
 
 February 28, 1956, P. L. (1955) 1120. As there have been several amendments to the Act since that date which are now incorporated in Purdon’s Pennsylvania Statutes, the cited sections of Purdons do not now accurately set forth the statutory law as of March 1958 which must be the law applied to this case. However, with the exception of the amount of compensation payable, the statutory provisions relevant to this case were the same in 1958 as they are today.
 

 [3]
 

 Ordinarily relatively little weight is given to prior rulings of the board but here the ruling deserves attention because it had been followed without challenge for so many years. It is also interesting to note that counsel for the claimant in that unappealed case was John R. K. Scott, one of the Commonwealth’s leading lawyers.