# Illegitimates' Workmen's Compensation Benefits

KANE, *Attorney General,* August 25, 1975—There is currently pending in the United States District Court for the Eastern District of Pennsylvania a case which challenges the constitutionality of section 307 of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, art. III, as amended, 77 P.S. §562, which provides:

". . . compensation shall be payable under this section to or on account of any child, brother or sister, only if and while such child, brother or sister, is under the age of sixteen. . . . If members of decedent's household at the time of his death, the terms 'child' and 'children' shall include step-children, adopted children and children to whom he stood in loco parentis . . ."

The suit alleges that this section has been applied so as to discriminate against illegitimate children. It is our opinion and you are so advised that it is a violation of the equal protection clause of the United States Constitution to treat illegitimates differ-

ently from legitimates under section 307, and that henceforth awards should be made without regard to this factor.

In the past this section has been interpreted (without a determination as to constitutionality) to mean that legitimate children are entitled to compensation without regard to residence with or dependence on the decedent. On the other hand, illegitimates cannot receive compensation without a showing that the decedent stood in loco parentis to such child and that the child was a member of decedent's household at the time of death: Cairgle v. American Radiator & Standard Sanitary Corp., 366 Pa. 249, 77 A. 2d 439 (1951); Irby Construction Co. v. Workmen's Comp. App. Bd., 9 Pa. Commonwealth Ct. 591, 308 A. 2d 924 (1973).

A similar issue was raised in the case of Jimenez v. Weinberger, 417 U.S. 628 (1974). The court there determined that a presumption in favor of the dependency of legitimates for determination of eligibility for social security benefits could not constitutionally be denied to illegitimate children. Quoting from the earlier case of Weber v. Aetna Casualty & Surety Co., 406 U.S. 164 (1972), the court in Jimenez noted that:

"The status of illegitimacy has expressed through the ages society's condemnation of irresponsible liaisons beyond the bonds of marriage. But visiting this condemnation on the head of an infant is illogical and unjust. . . . Courts are powerless to prevent the social opprobrium suffered by these hapless children, but the Equal Protection Clause does enable us to strike down discriminatory laws relating to status of birth where . . . the classification is justified by no legitimate state interest, compelling or otherwise." 417 U.S., at 632.

The practical effect of Pennsylvania law as presently construed is to establish a similarly limited presumption in workmen's compensation cases. A legitimate child need not show actual dependence on the support of its natural father. Certain classes of illegitimates, however, must show such dependence or that the father stood in loco parentis. This reading of the effect of section 307 places the statute in direct conflict with the holding in the Jimenez case.

However, the policy underlying section 307 appears to be divorced from the question of dependency. Ordinarily a workmen's compensation claimant must prove dependence; however, "[a] child's right to receive compensation arises from his status as a child of the employe and actual dependency upon the deceased is not required.": Mohan v. Publicker Industries, Inc., 202 Pa. Superior Ct. 581, 583, 198 A. 2d 326, 327 (1964); Nordmark v. Indian Queen Hotel Co., 104 Pa. Superior Ct. 139, 143, 159 At. 200, 202 (1932). Thus, the purpose to be served is much broader than the protection of dependents. The Pennsylvania courts have stated that a person's status as a child is independently the basis upon which the legislature has decided to provide compensation. Faced with this broad policy statement, no reasonable state interest can be advanced by the distinction made between legitimates and illegitimates. The state has announced as its public policy the provision of workmen's compensation benefits for children without regard to dependency; and one's status as a child is not affected by the failure of his parents to undergo a marital ceremony.

Thus, both the practical and the theoretical applications of section 307 conflict with the holding in

the Jimenez case. Therefore, so long as the Commonwealth does not make dependency a condition for the receipt of workmen's compensation benefits by legitimates it may not impose such a condition on such receipt by illegitimates.