Lehigh Foundations, Inc. and Employers Mutual Liability Insurance Company of Wisconsin, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Mildred B. Kelly and Brett Arthur Fegan, a minor, by Diane R. Fegan, parent and natural guardian/ Rudy Arthur Kelly, deceased, Respondents.

Argued September 15, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*James K. Martin,* with him *Kenneth F. DeMarco,* for petitioners.

*Gerald J. Haas,* with him *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., December 27, 1978:

Lehigh Foundations, Inc. (Employer), and its insurance carrier, appeal a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to Brett Arthur Fegan (Claimant).

Claimant, the illegitimate child of Diane R. Fegan (now Diane R. Harper) and Rudy Arthur Kelly (Decedent), was conceived while his parents were in high school in Pennsylvania. The pregnant mother moved to Virginia to have their child and Decedent arranged for her and Claimant's prenatal care, paid the medical expenses connected with the birth and the bills for Claimant's subsequent monthly check-ups, and, until his death, contributed $20.00 a week toward Claimant's support.

Decedent died on October 28, 1970, as a result of injuries he received while working for Employer. At the time of his death, Decedent resided with his parents in Pennsylvania and Claimant was living with his mother in Virginia. Thereafter, Diane R. Fegan, as his natural parent and guardian, filed a fatal claim petition on Claimant's behalf. Following a hearing, the referee awarded benefits to Claimant as Decedent's sole surviving dependent.[1] On appeal, the Board held that an illegitimate child is a child for compensation purposes and upheld the award, citing

---

[1] Decedent's mother had originally filed a dependency claim but later withdrew her claim by stipulation and was awarded death benefits in the amount of $750.00.

*Weber v. Aetna Casualty and Surety Co.,* 406 U.S. 164 (1972).

We affirm.

The pertinent portion of Section 307 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §562, provides as follows:

> Compensation shall be payable under this section to or on account of any child. . . . If members of decedent's household at the time of his death, the terms 'child' and 'children' shall include step-children, adopted children and children to whom he stood in loco parentis, and shall include post-humous children.

Pennsylvania courts have long wrestled with the construction of this imprecise statute and have traditionally construed the first portion of the section to apply only to legitimate children and to allow compensation to such a claimant merely on the basis of his or her status as a child of the deceased employee without any showing of dependency upon or residency with the decedent. *Irby Construction Co. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 591, 308 A.2d 924 (1973); *Mohan v. Publicker Industries, Inc.,* 202 Pa. Superior Ct. 581, 198 A.2d 326 (1964).

The statute classifies potential beneficiaries into a second category: those who, irrespective of their natural parentage, can esablish that they were members of decedent's household at the time of his death[2] *and* that the deceased employes stood *in loco parentis*

---

[2] A claimant filing under this portion of the statute need not show actual physical residence with the deceased employes. Courts have held that membership in the decedent's household embraces those who were dependent upon decedent for support at the time of his death. *Penn Sanitation Co. v. Hoskins,* 10 Pa. Commonwealth Ct. 528, 312 A.2d 458 (1973); *Union Trust Co. v. Union Collieries Co.,* 131 Pa. Superior Ct. 405, 200 A. 267 (1938).

to such child.[3]  Absent an express provision setting
the standards of eligibility for a deceased employee's
illegitimate children, courts have construed this classi-
fication to include illegitimate children and to require
them to satisfy this two-fold criteria for eligibility in
addition to their paternity and minority status.  *Cair-
gle v. American Radiator and Standard Sanitary
Corp.,* 366 Pa. 249, 77 A.2d 439 (1951); *Penn Sanita-
tion Co. v. Hoskins,* 10 Pa. Commonwealth Ct. 528, 312
A.2d 458 (1973); *Brovdy v. Jones & Laughlin Steel
Corp.,* 145 Pa. Superior Ct. 602, 21 A.2d 437 (1941).

The statute expressly provides that posthumous
children fall within its purview.  We have construed
this classification to include illegitimate posthumous
children and have held that recovery is not limited
to instances where the decedent provided support to
the mother or where the natural parents resided to-
gether prior to the employee's death. *Westinghouse
Electric Corp. v. Workmen's Compensation Appeal
Board,* 39 Pa. Commonwealth Ct. 42, 394 A.2d 1071
(1978); *Brown v. Workmen's Compensation Appeal
Board,* 20 Pa. Commonwealth Ct. 330, 342 A.2d 134
(1975).  In *Westinghouse Electric Corp., supra,* we re-
fused to relegate posthumous illegitimate children to
a less favorable position by forcing them to meet
stricter criteria of eligibility than posthumous legiti-
mates are required to meet.

As a result, legitimate children born during a de-
ceased employee's lifetime, posthumous legitimates
and posthumous illegitimates now share the same stan-

---

[3] One *in loco parentis* intends to assume, and does assume, the
rights, duties and responsibilities of a lawful parent to the child.
While the support and maintenance of the child is of evidentiary
value, courts will also look to other factors such as whether dece-
dent disciplined the child, lived with the child, and considered
the child his. *Penn Sanitation Co. v. Hoskins, supra; Boyle v. Deal-
er's Transport Co.,* 184 Pa. Superior Ct. 38, 132 A.2d 709 (1957).

dards determining their eligibility and are entitled to benefits merely because of their status as children of deceased employees. Nevertheless, Employer urges that the traditional construction given this statute requiring illegitimate children born during the deceased employe's lifetime to satisfy two further criteria to be eligible (*i.e., in loco parentis* relationship with decedent and membership in his household), remains viable and should be applied to the instant claim petition. Claimant, however, contends that such a construction adds an unconstitutional gloss to a facially neutral statute by classifying potential beneficiaries in a manner that deprives illegitimate children of equal protection of the laws.

The constitutional guarantees of equal protection[4] do not mandate that all citizens be treated identically but allow the state to define classes and to treat different classes of persons accordingly. However, the minimal level of scrutiny requires that the different classes be created on the basis of criteria that bear a reasonable relation to the legitimate objective of the statute before different treatment accorded along class lines can withstand constitutional attack.[5]

---

[4] The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the prohibition of special laws in Article III, Section 32 of the Pennsylvania Constitution.

[5] Employer posits the following syllogism: (1) the Act is purposed to limit an employer's liability for injuries suffered by his employee by substituting a statutory scheme in lieu of employer's common law remedies; (2) Section 307 as presently construed, limits an employer's liability vis-a-vis certain illegitimates; (3) the classifications are constitutional in that they effectuate the purpose. However, this syllogism ignores a basic component of the equal protection analysis. Clearly, not all effective limitations of an employer's liability would withstand constitutional attack notwithstanding the validity of the state purpose. Equal protection, at the very least, demands an examination of the distinguishing factors used in delineating the various classifications in order to discern whether these *factors* rationally relate to a proper state objective.

*Johnson v. Robison,* 415 U.S. 361 (1974); *Eisenstadt v. Baird,* 405 U.S. 438 (1972).

Our Supreme Court has written that classifications must be founded upon significant distinctions between groups and "based upon a necessity springing from manifest peculiarities, clearly distinguishing those of one class from each of the other classes, and imperatively demanding legislation for each class, separately. . . ." *Ayar's Appeal,* 122 Pa. 266, 281, 16 A. 356, 363 (1889); *quoted with approval in Kurtz v. Pittsburgh,* 346 Pa. 362, 368, 31 A.2d 257, 259 (1943).

Section 307 evidences a legislative intent to compensate children of a deceased employee as a result of their filial status. *Mohan v. Publicker Industries, Inc., supra. See also Attorney General's Opinion,* 75 Pa. D. & C. 2d 243 (1975). To construe the section as Employer urges would allow nondependent legitimates to recover while denying recovery to similarly situated illegitimates. The only "manifest peculiarity" distinguishing these two classes is the failure of the illegitimate child's parents to marry, which does not affect one's status as a child of his natural parents and an "unacknowledged illegitimate child may suffer as much from the loss of a parent as a child born within wedlock. . . ." *Weber, supra,* 406 U.S. at 169. Thus, we assert, an inferior classification of illegitimates in this instance bears no significant relationship to the recognized purpose of the Act. *See Jimenez v. Weinberger,* 417 U.S. 628 (1973); *Weber, supra; Levy v. Louisiana,* 391 U.S. 68 (1968).

Our scope of review is limited to questions of law. We may not sit as a super-legislature empowered to rewrite legislation as we see fit nor is it within our province to judge the wisdom of the authors of challenged legislative enactments. *Commonwealth v. Sterlace,* 24 Pa. Commonwealth Ct. 62, 354 A. 2d 27 (1976).

We do not intimate that dependency or an *in loco parentis* relationship with the deceased employee are not proper criteria to be used in evaluating claims petitions were such criteria to be applied against all of a deceased employee's children. Our holding merely dictates that it is the unequal application of such criteria that violates equal protection and we therefore refuse to apply the same in determining Claimant's petition.[6]

We are constrained to seek an interpretation which supports the constitutionality of legislation. *U.S. v. National Dairy Products Corp.*, 372 U.S. 29 (1963); *Kurtz v. Erie*, 389 Pa. 557, 133 A.2d 172 (1957). Inasmuch as the statute suffers no facial unconstitutionality with respect to illegitimates, we construe its provisions in accordance with the demands of equal protection and hold that the grant of compensation under Section 37, 77 P.S. §562, "to or on account of any child" embraces illegitimate children within its meaning.[7]

---

[6] Employer cites *Mathews v. Lucas*, 427 U.S. 495 (1976), as authority for his position. His reliance is misplaced. In *Mathews*, the Court upheld a statutory classification in the Social Security Act, Section 1 et seq., *as amended*, 42 U.S.C. §301 et seq., which presumed dependence on decedent on the part of legitimates and certain illegitimates and exempted them from the requirement of bringing forth the individualized proof of dependence certain other illegitimates were required to adduce. This statutory scheme is distinguishable, however, in that dependence is a requirement of eligibility of *all* claimants. Furthermore, the presumption is not withheld solely on the basis of one's illegitimacy (many illegitimates were able to avail themselves of the presumption), but was based on a number of factors that bear a substantial likelihood to one's dependence. Employer asks us to do more than impose a stronger burden of proof on Claimant; he asks us to impose completely different criteria of eligibility with no other justification than that Claimant's parents never married. Clearly, *Mathews* is not authority for such a stance.

[7] In so holding, we need not reach the issue of whether Claimant's evidence rises to the level of proof of an *in loco parentis* relationship with decedent or membership in his household.

Accordingly, we

### ORDER

AND Now, this 27th day of December, 1978, the decision of the Workmen's Compensation Appeal Board, No. A-72575, dated July 21, 1977, is affirmed. It is ordered that judgment be entered in favor of Diane R. Harper, as parent and natural guardian of Brett Arthur Fegan, and against Lehigh Foundations, Inc., and/or its insurance carrier, with the latter to pay compensation at the rate of $25.00 weekly from October 28, 1970 to December 26, 1987, inclusive, together with the sum of $235.66 incurred by Diane R. Harper as costs.

Interest at the rate of six (6%) percent per annum is awarded on any deferred payments in accordance with Section 410 of the Act as it existed prior to the 1972 Amendments.

Lehigh Foundations, Inc., and/or its insurance carrier, shall pay directly to Diane R. Harper's attorney, out of the award, twenty (20%) percent of each payment of compensation as attorney's fees and shall pay the balance of the award directly to Diane R. Harper.