Hoffer Transportation Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bessie Gaymon, Mother of Rufus Gaymon, Deceased, Respondents.

Argued November 19, 1981, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and MAC-PHAIL, sitting as a panel of three.

*Martin J. Fallon, Jr., Swartz, Campbell & Detweiler*, for petitioner.

*Robert Silverman, Silverman and Abramson,* for respondent, Bessie Gaymon, mother of Rufus Gaymon, deceased.

OPINION BY JUDGE MACPHAIL, April 28, 1982:

Hoffer Transportation Company (Hoffer) appeals[1] from a Workmen's Compensation Appeal Board (Board) order which granted partial death benefits to Bessie Gaymon (Claimant) the mother of Rufus Gaymon (Decedent). The facts are not in dispute.

---

[1] This case was reassigned to the author of this opinion on March 25, 1982.

Decedent was killed December 8, 1973 when the rig which he was operating as Hoffer's employee crashed through a bridge guardrail onto a highway. His mother and two illegitimate children, ages 14 and 5, survived Decedent. Both of the children lived with their respective mothers. Neither of the children lived with the Decedent nor were they supported by him.

The referee found that Decedent was killed while in the scope of his employment and further that Claimant was entitled to workmen's compensation benefits because she was partially dependent upon him.

In its second appeal from the referee's decision to the Board, Hoffer raised for the first time the issue now before this Court, *i.e.*, whether the mere existence of persons entitled to but not claiming benefits will preclude a person later in the distribution line from recovering benefits. The contested issue is one of law subject to our review. *Beaver Supermarket v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth Ct. 505, 424 A.2d 1023 (1981).

The Claimant's petition for benefits was filed by her, apparently on her own behalf although it lists herself and both children of the Decedent as dependents. A line has been drawn through each child's name, however, and the words "Amended to eliminate children not living with Decedent or supported" appear under the children's names. Nothing in the record indicates when or by whose authority the children's names were deleted.[2] It is quite evident that such deletion was not authorized by the children or their natural or legal guardian. Under such circumstances, we deem the "amendment" to be ineffective.

---

[2] Claimant's brief states that "counsel for defendant . . . acquiesced to an amendment to the Claim Petition, removing them as dependents. (R.3a, 4a)" In fact, the record at 3a and 4a merely sets forth the claim petition with the deletions and notations we have described.

The mother of one of the children appeared at the first hearing and testified that her child at the time of the Decedent's death was not receiving support from the Decedent and that the child was living with her. She was not represented by counsel and she said nothing which would indicate that she was claiming or waiving benefits to which her child might be entitled. The older child testified solely concerning the liability aspect of the case because he was with his father when the accident happened. We hold that there has been no valid waiver of the children's rights.

In the four hearings before the referee, Hoffer contested vigorously whether the accident occurred in the scope of Decedent's employment as well as Claimant's alleged dependency upon Decedent. It was not until after both of those issues had been resolved against it by the referee that Hoffer for the first time raised before the Board the issue now presented to this Court. The Board disposed of this issue with the following words:

> This appeal ostensibly is factious and perfunctory. It propells [sic] no specific errors that the referee made, other than asserting that children are entitled to compensation. Counsel for the defendant and the insurance carrier does not represent said children, and, if the carrier sincerely believes that children are entitled to compensation, it should come forth with notices of compensation payable on behalf of said children. This event, of course, has not taken place.

The Board, and now the Claimant, are rightfully concerned that if this Court should conclude that the children are entitled to benefits and exclude the Claimant, the net effect will be to absolve Hoffer from all liability because it will be too late to file claims for the children.

First, we observe that until the referee decided that Hoffer was liable to anyone, *i.e.*, that the Decedent was killed while in the scope of his employment, the Claimant's eligibility for benefits was not the paramount issue. Once, however, that was decided as well as Claimant's dependency, the issue of Claimant's eligibility did become a relevant factor.

Second, if this Court determines that Claimant is ineligible because of the existence of the minor illegitimate children, we will not permit Hoffer to absolve itself from liability notwithstanding the bar of any applicable statute of limitations.

Our discussion of the issue now before us begins with an examination of relevant portions of Section 307 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§561 and 562.

In Section 307 it is provided in pertinent part as follows:

> In the case of death, compensation shall be computed on the following basis, and distributed to the following persons . . .:
>
> 1. If there be no widow nor widower entitled to compensation, compensation shall be paid to the guardian of the child or children, or, if there be no guardian, to such other persons as may be designated by the board as hereinafter provided as follows:
>
> . . . .
>
> 5. If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of injury. . . .
>
> . . . .
>
> Compensation shall be payable under this section to or on account of any child . . . only if

and while such child . . . is under the age of eighteen unless such child . . . is dependent because of disability when compensation shall continue or be paid during such disability of a child . . . over eighteen years of age or unless such child is enrolled as a full-time student in any accredited educational institution when compensation shall continue until such student becomes twenty-three.

Our reading of the plain language of these two sections leads us to conclude that the legislature's scheme, as applied to the facts of the instant case was as follows: 1) where no widow survives, compensation shall be paid to the Decedent's children, or their guardian, if (a) they are under 18 years of age or (b) they are dependent by reason of disability or (c) they are full-time students, and 2) if no widow survives and no child is *entitled* to benefits, then to the surviving parent if dependent upon the employee. In other words, any one of the three conditions set forth above will render a child of the Decedent entitled to benefits. In the instant case, as we have noted, both children were under 18. That status without more, makes them eligible for benefits. The fact that they are illegitimate is no longer relevant. *Lehigh Foundations, Inc. v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 416, 395 A.2d 576 (1978). The fact that they were not receiving support from the Decedent is no longer relevant. *Mohan v. Publicker Industries, Inc.*, 202 Pa. Superior Ct. 581, 198 A.2d 326 (1964).

If an eligible child of the Decedent *exists,* it is that status alone that will defeat a parent's claim to benefits. In *Mohan,* the decedent's mother contended that she was entitled to benefits after the minor child became 18. The Pennsylvania Superior Court held that the determination that a child was entitled to benefits automatically excluded the parent from compensation.

In *Boyle v. Dealer's Transport Co.*, 184 Pa. Superior Ct. 38, 132 A.2d 709 (1957), it was held that a determination that decedent was in *loco parentis* to his brothers and sister of the half blood, making them "children" under the Act, excluded decedent's mother from compensation. The court there said, "There is certainly no ambiguity in the act on this point." *Id.* at 39, 132 A.2d at 710.

Accordingly, we are well satisfied that Claimant in the instant case is not entitled to workmen's compensation benefits and that the Board erred as matter of law in awarding benefits to her.

As we have previously noted, the Claimant is named as "claimant" in the claim petition. She and the two children are named as dependents. Although the claim petition form states that a dependent may sign for him or herself *and* all other dependents, there is nothing on the claim petition before us to indicate whether or not Claimant had signed for the children *and* herself. Inasmuch as the scheme of the Act does not require claim petitions for individual dependents, Section 410 of the Act, 77 P.S. §751, we hold that the children identified as dependents in this claim petition were "claimants" within the intent of the Act when the petition was filed.[3] Therefore, once the referee determined that there was liability to *someone* on Hof-

---

[3] While Employer has not discussed in its brief any implications which would arise from our determination that the children are entitled to workmen's compensation benefits in this case, we are well aware that claims for death benefits must be filed within three years of the time of death, Section 315 of the Act, 77 P.S. §602, although circumstances have been recognized which will extend the right to file a claim petition. *Helstrom v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 113, 401 A.2d 882 (1979). For this reason, *i.e.*, the possibility that Employer may now raise the bar of the statute of limitations, we have taken pains to explain that our decision in this matter does *not* absolve Employer from liability.

fer's part, a determination *not* disputed in this appeal, the children then became entitled to benefits and it is incumbent upon Hoffer or its insurance carrier to pay those benefits. As we have noted, the deletion of the children as dependents on the claim petition, even had Hoffer consented, did not affect their status as children of the Decedent. The children, being minors, could not waive their rights and no one with authority did so on their behalf.

Because Hoffer was on notice of the existence of the minor children when the claim petition was filed and because we have held the striking of their names to be ineffective to bar their rights, we will remand this case for a determination of benefits retroactive to the date of Decedent's death.

### ORDER

AND Now, this 28th day of April, 1982, the order of the Workmen's Compensation Appeal Board, No. A-76793 dated March 20, 1980 is reversed. The case is remanded to the Board for a computation of benefits consistent with the foregoing opinion of this Court.

This decision was reached prior to the resignation of Judge MENCER.

Judge PALLADINO did not participate in the decision in this case.