**MPW INDUSTRIAL SERVICES,**
Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (MEBANE),**
Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 2005.

Decided March 29, 2005.

Harry J. Klucher, Pittsburgh, for petitioner.

Robert Lampl, Pittsburgh, for respondent.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

MPW Industrial Services (Employer) petitions for review of the order of the Workers' Compensation Appeal Board (Board) that reversed the workers' compensation judge's (WCJ) grant of Employer's review petitions on the basis that the WCJ did not have subject matter jurisdiction.

Gregory Mebane (Decedent) worked for Employer as a Technician I. Employer was in the business of cleaning steel mills, power plants, and other industrial sites. Decedent's duties included shoveling grease, water blasting, and cleaning up oil and other contaminants. Decedent would report to work at Employer's location at the A.K. Steel plant in Butler, pick up whatever tools he needed, and was driven to the job site. At the end of the day, Decedent returned to the A.K. Steel plant to return his tools.

Employer scheduled a Christmas party for December 15, 2000, at The Rose, a restaurant near Steubenville, Ohio. Employees were not required to attend but were encouraged to do so. Decedent traveled to the Christmas party in an Employer-owned van with fellow employee John Tirk (Tirk). After the party, Decedent, Tirk, and another employee, Brad Kuriger (Kuriger) decided to stop at a bar in Butler. Kuriger drove the vehicle, even though he was allegedly intoxicated, not old enough to legally drink alcohol, and without a valid driver's license. Shortly after leaving The Rose, Kuriger missed a turn onto Route 22 and drove into the side of a mountain. Decedent was killed. Kuriger and Tirk were seriously injured.

On April 25, 2001, Employer petitioned to review compensation benefits and alleged that Decedent died as a result of a work-related motor vehicle accident, and Employer's insurer was attempting to identify the appropriate dependents. Employer filed two review petitions. One petition identified Danielle Pritts (Pritts) as Decedent's dependent or guardian and one named Julia A. Jones (Jones). Pritts and Jones answered and denied that Decedent died as a result of a work-related motor vehicle accident. They identified Tamara Rae Mebane (Tamara) and Jensen A. Jones–Mebane (Jensen) as children of Decedent and identified Janae N. Jones–Mebane (Janae) as a reputed child of Decedent. Pritts is the mother of Tamara. Jones is the mother of Jensen and Janae. The parties later stipulated that Janae was the child of Decedent.

Employer presented the deposition testimony of Daniel M. Cummings (Cummings), Employer's eastern zone health and safety manager. Cummings testified

regarding Employer's operations and that employees were encouraged to attend the Christmas party. Deposition of Daniel M. Cummings, September 26, 2001, at 13; Reproduced Record (R.R.) at R.R.56a.

Employer also presented the deposition testimony of Richard Roth (Roth), Employer's Butler branch manager. Employees at the Butler location would report to work at Employer's Butler location, pick up their tools, and return to Butler at the end of the day to return their tools and work orders. Deposition of Richard Roth, September 26, 2001, (Roth Deposition) at 8–9; R.R. at R.R.103a–R.R.104a. A company van was assigned to Tirk on the night of the Christmas party and Decedent was a passenger. Roth Deposition at 21; R.R. at R.R.116a. Roth corroborated that he encouraged employees to attend the Christmas party. Roth Deposition at 22; R.R. at R.R.117a.

The WCJ granted the review petitions and ordered Employer to pay Jensen, Janae, and Tamara $50.70 per week, each, in accordance with the terms of the Workers' Compensation Act (Act)[1] based on Claimant's average weekly wage of $292.50. The WCJ found Roth and Cummings credible and found that Decedent was a traveling employee and was in the course and scope of his employment when he died.

Pritts appealed to the Board[2] which reversed. The Board determined that the WCJ did not have subject matter jurisdiction:

This is an unusual case. Defendant [Employer] takes the position that Decedent's death is compensable under the Act. Claimant [Pritts] maintains it is not. The reason for this role-reversal is obvious from Claimant's [Pritts] brief. . . . Claimant [Pritts] appears to be more intent on pursuing tort remedies[3], rather than accepting the $50.70 per week dependent allowance awarded by the WCJ.

Defendant [Employer], on the other hand, is attempting to use the Act's exclusivity provisions, 77 P.S. § 481, and the doctrine of collateral estoppel to foreclose Claimant [Pritts] from successfully suing in tort. As Claimant [Pritts] points out, Defendant [Employer] could have accepted liability under the Act by unilaterally issuing a Notice of Compensation payable (NCP). . . . The disadvantage to this approach is that an NCP is not an adjudication for estoppel purposes. . . . Therefore, Defendant [Employer] could not use an NCP to bar Claimant [Pritts] from suing in tort. However, by filing a Review Petition, Defendant [Employer] theoretically could use a favorable WCJ adjudication in judicial proceedings under the doctrine of collateral estoppel. . . .

. . . .

An issue of subject matter jurisdiction may be raised sua sponte. . . . Moreover, we do not acquire subject matter jurisdiction by appeal if the WCJ did not have it. . . .

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

2. Jones did not appeal the WCJ's decision. The Board noted that its reversal as to Pritts did not affect the unappealed award to Jones for her two children.

3. On July 6, 2001, Brenda Lee Mebane (Mebane), Decedent's mother, individually and as

Administratrix of Decedent's estate, commenced an action against Kuriger and Employer in the Court of Common Pleas of Allegheny County. Mebane asserted negligence, wrongful death, and survival actions against Kuriger and negligent entrustment, negligence, wrongful death, and survival actions against Employer.

.... [W]e find nothing in the statutory text or case law authorizing the WCJ to entertain Review Petitions in the absence of an NCP, original or supplemental agreement or an award of compensation.

Defendant [Employer] correctly points out that the form of the petition is not controlling. In this regard, the WCJ described Defendant's [Employer] Petition as a 'fatal Claim Petition in reverse.'... We find nothing ... authorizing a Claim Petition by an employer, or a 'reverse Claim Petition' in the WCJ's words. Similarly, Defendant [Employer] has not supplied any case law permitting reverse Claim Petitions under the Act. Therefore, the WCJ's authority to entertain Defendant's [Employer] Petition in these circumstances was doubtful at best, and thus, non-existent....

Finally, we observe that Defendant [Employer] essentially obtained a declaratory judgment from the WCJ that Decedent was fatally injured in the course and scope of his employment. Nevertheless, we are unaware of any provision in the Act or other statutory authority allowing WCJ's to issue declaratory judgments.... [W]e conclude that the WCJ had no authority or jurisdiction to entertain Defendant's [Employer] Review Petition, which in turn affects our jurisdiction. (Citations omitted. Emphasis in original).

Board Opinion, May 25, 2004, at 2–6; R.R. at R.R.171a–R.R.175a.

■ Employer contends that the WCJ had subject matter jurisdiction over Employer's review petition when all parties were provided with proper notice of the relief sought by Employer, no parties were misled by the form of the petitions filed, and all parties had a full and fair opportunity to litigate this claim before the WCJ. Employer also contends that Decedent was in the course and scope of his employment at the time of the December 15, 2000, motor vehicle accident where he was a traveling employee leaving an Employer-sponsored event.[4]

With respect to the issue of subject matter jurisdiction, Employer asserts that the review petitions were its only means of determining Decedent's dependents. Employer also asserts that even if the review petitions were not the proper petitions to file, the WCJ has the latitude to take the appropriate action. Employer also reasons that the other parties were on notice that Employer sought a determination whether Decedent was in the course and scope of his employment at the time of his death because the parties discussed this issue at the first hearing before the WCJ.

Section 413 of the Act, 77 P.S. §§ 771–772, provides in pertinent part:

A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable,

---

4. Our review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth.15, 589 A.2d 291 (1991).

an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.

Section 413 of the Act provides a WCJ with the authority to review, modify, set aside, reinstate, terminate or suspend a notice of compensation payable (NCP), an original or supplemental agreement, or award. However, here Employer did not request that the WCJ review and modify or make any other change to an NCP or an agreement. There was no NCP or agreement. While Section 413 of the Act provides a WCJ with broad authority to modify existing agreements or NCPs, it does not provide a WCJ with the authority to, in effect, review and determine if an injury is work-related when there is nothing in the system to review. The Board correctly noted, and Employer concedes in its brief, that there is nothing in the Act or case law that authorizes a WCJ to rule on a review petition when there has been no NCP, original or supplemental agreement, or award of compensation.

Section 410 of the Act, 77 P.S. § 751, provides in pertinent part, "If, after any injury, the employer or his insurer and the employe or his dependent, concerned in any injury, shall fail to agree upon the facts thereof or the compensation due under this act, *the employe or his dependents* may present a claim petition for compensation to the department." (Emphasis added).

Clearly, the Act makes no mention of a "reverse claim petition" or in effect a claim petition filed by an employer as is the case here. This Court has determined:

[A] WCJ may grant relief beyond that requested in an employer's petition where a claimant would not have been misled by the form of the petition, would have had notice of the relief sought by the employer and would have had a full and fair opportunity to contest the basis of the employer's assertions.

*Lake v. Workers' Compensation Appeal Board (Whiteford National Lease),* 746 A.2d 1183, 1188 (Pa.Cmwlth.2000). However, while a WCJ may go beyond the relief requested in a particular petition, the WCJ does not have the authority to grant relief that an employer is not authorized by the Act to obtain. Employer had no right under the Act to request a determination that Decedent was in the course and scope of his employment. The Board did not err when it determined that the WCJ lacked subject matter jurisdiction.

Accordingly, this Court affirms.

### *ORDER*

AND NOW, this 29th day of March, 2005, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

DISSENTING OPINION BY Senior Judge KELLEY.

I respectfully dissent.

Section 2208 of the Administrative Code of 1929 (Administrative Code) [1] provides, in pertinent part:

[T]he Department of Labor and Industry [ (Department) ] shall have the power, and its duty shall be:

(a) To administer and enforce the laws of this Commonwealth, as now ex-

---

1. Act of April 29, 1929, P.L. 177, *as amended,* 71 P.S. § 568.

isting or hereafter enacted, relating to workmen's compensation . . . ;

(b) To receive and classify reports of all accidents and injuries; to receive and examine or disapprove agreements, supplemental agreements, notices, receipts, final receipts, and other papers in workmen's compensation cases and order the correction of any errors therein and by general rule, to regulate or waive the filing, approval or disapproval of such papers in the interest of fair, practical and prompt resolution of the rights of parties, as provided by law;

(c) To follow up in all cases in which workmen's compensation is payable, and see that compensation is paid promptly and in accordance with the laws of this Commonwealth. . . .

71 P.S. § 568(a), (b), (c). Thus, the provisions of Section 2208 of the Administrative Code confer broad powers upon the Department to receive and dispose of any and all papers filed under the provisions of the Workers' Compensation Act (Act)[2], such as the instant review petition, and to ensure that compensation is paid in conformance with the provisions of the Act.

In turn, Section 2208 of the Administrative Code further provides that the Department has the power "[t]o receive and refer to Workmen's Compensation [Judges (WCJ) ] all claims for compensation in contested or unpaid cases and to receive and refer to the Workmen's Compensation Appeal Board [ (Board) ] all appeals from decisions of [WCJs]. . . ." 71 P.S. § 568(f). Likewise, 2213 of the Administrative Code provides:

Each [WCJ] shall have the power, and his duty shall be, to hear and determine such claims for compensation as shall be assigned to him by the Secretary of Labor and Industry, and to perform such other duties as shall be required of him by the Secretary of Labor and Industry, or imposed upon him by law. Each decision of a[WCJ] shall be subject to appeal to the [Board] as provided by law.

71 P.S. § 573.

Thus, under Sections 2208 and 2213 of the Administrative Code, once the Department received the instant review petition and referred it to the WCJ for disposition, the WCJ had jurisdiction to dispose of the petition. Likewise, under Sections 2208 and 2213, the Board had jurisdiction to consider the appeal lodged from the WCJ's decision.

Indeed, with respect to Employer's assertion that the instant review petition was filed in order to determine what children were entitled to the decedent's fatal claim benefits, the Pennsylvania Supreme Court has noted:

The Act vests in the WCJ the responsibility of determining to whom compensation must be paid by the employer. 77 P.S. § 561(1). When the employee dies as a result of the accident at-work or other compensable injury and if the issue is disputed, the WCJ must decide from the evidence presented whether there is a surviving spouse and whether there are children[4] and, if so, how many; whether, if there is neither surviving spouse nor children, there is a parent who was dependent on the employee at the time of the injury and, if so, whether the parent was totally dependent upon the deceased employee; if there are none of the above, then whether there are brothers or sisters actually dependent upon the decedent and, if so, how many. 77 P.S. § 561(1). . . .

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

* * *

[4] A child's right to receive workers' compensation arises from his or her status as a child of the employee, and actual dependency upon the deceased is not required. *Mohan v. Publicker Indus., Inc.*, [202 Pa.Super. 581, 198 A.2d 326 (1964)]. It is no longer relevant that a decedent was not married to the child's mother. *Lehigh Founds., Inc. v. WCAB*, [39 Pa.Cmwlth 416, 395 A.2d 576 (1978)]. The fact that decedent fathered a child who is under 18 years of age, without more, makes the child eligible for benefits. *Hoffer Transp. Co. v. WCAB*, [66 Pa.Cmwlth 310, 443 A.2d 1381 (1982)].

*Rossa v. Workers' Compensation Appeal Board (City of Philadelphia)*, 576 Pa. 349, 354, 839 A.2d 256, 259 (2003).[3]

In short, it is clear that, pursuant to the Administrative Code, the Department was vested with the authority to receive and refer the instant review petition to a WCJ for disposition, and that both the WCJ and the Board possessed jurisdiction to dispose of the petition on the merits. Accordingly, unlike the Majority, I would reverse the Board's order and reinstate the WCJ's Decision in this case.

**3.** *See also Kuney v. PMA Insurance Company*, 525 Pa. 171, 175–176, 578 A.2d 1285, 1287 (1990) wherein the Supreme Court examined the exclusivity provisions of Section 303 of the Act, 77 P.S. § 481, and stated the following, in pertinent part:

[T]he comprehensive system of substantive, procedural, and remedial laws comprising the workers' compensation system should be the *exclusive* forum for redress of injuries in any way related to the workplace. This principle was established as long ago as 1950. This Court stated: 'A reading of

this statute and its many amendments makes it manifest that the legislation relating to workmen's compensation was designed and intended to establish exclusive jurisdiction, practice and procedure in all matters pertaining to such subject matter.' *American Casualty Co. v. Kligerman*, 365 Pa. 168, 172, 74 A.2d 169, 172 (1950). When the allegations of a claim have as their ultimate basis an injury compensable under the Workmen's Compensation Act, the claim must be considered within the framework of the statute.